JOHN McALLEN ET AL. v. MANUEL ALONZO ET AL.

Decided May 15, 1907.

1.—Title—Common Source—Limitation—Evidence.

In a suit of trespass to try title, where the parties claim under a common source, the plaintiff's deed being prior, and the defendant pleads limitation, the burden is on the defendant to establish such defense. Evidence considered, and held insufficient to show that plaintiff's suit was barred by limitation.

**2.—Same—Possession by Grantor.**

The mere fact that a grantor remains in possession of the premises conveyed will not support an inference of law that his possession was adverse to his grantee from the date of the conveyance.

**3.—Limitation—Dismissal of Suit.**

The filing of a suit which is afterwards dismissed for the want of prosecution will not interrupt the statute of limitation.

**4.—Oral Instruction.**

The giving of a peremptory instruction orally, is not necessarily reversible error.

Appeal from the District Court of Cameron County. Tried below before Hon. Stanley Welch.

*J. D. Childs,* for appellants.—The court erred in peremptorily instructing the jury, orally, at the conclusion of plaintiff's evidence, and before defendants had offered any evidence, to return a verdict in favor of the defendants, and in receiving said verdict, and rendering judgment thereon for the defendants. Roemer v. Meyers, 17 S. W. Rep., 597; Mims v. Rafel, 73 Texas, 300; Batts' Revised Statutes, art. 3196, and notes; Mayers v. Paxton, 78 Texas, 196, 199; Simonton v. Mayblum, 59 Texas, 9; Hussey v. Moses, 70 Texas, 42; McCord v. Stern, 61 S. W. Rep., 341; Johnson v. Cheney, 17 Texas, 336, 339; Davis v. Terry, 33 Texas, 426

*James B. Wells* and *A. I. Hudson,* for appellees.

NEILL, Associate Justice.—The plaintiffs, John McAllen, James B. McAllen and John Young, Jr., filed their original petition in this case on November 14, 1904, against Manuel Alonzo in the form of an action of trespass to try title to thirty-seven acres of land specifically described therein. After the essential allegations in an action of this character, the petition alleged: "That on July 11, 1890, Salome McAllen, now deceased, joined by her husband, John McAllen, the above named plaintiffs, filed their suit in the District Court in and for the Twenty-eighth Judicial District of Cameron County, Texas, against the said Manuel Alonzo, the number of said suit being 1599, it being an original suit, and affidavit in sequestration which was brought as an action as well to try title, as for damages for the restitution and recovery of the aforesaid premises, that since the institution of the aforesaid suit, the said Salome McAllen has departed this life, leaving as her sole representatives and heirs at law, the hereinbefore designated plaintiffs.

"That the said suit remained upon the docket of said court undisposed of until September 11, 1903, when on said last named day without fault on the part of any of the aforesaid plaintiffs it was dismissed for want of prosecution.

"That said dismissal of said cause was wholly without plaintiffs' fault or consent, and by reason of this fact plaintiff was unable to re-instate said cause as provided by law by reason of his absence from Brownsville, Texas. Plaintiffs further represents that they,

as soon as they ascertained that said suit had been dismissed without their knowledge or consent, promptly employed counsel to reinstate the same, but it being too late to reinstate the said cause, they now bring this as a new suit and pray the court that said former suit be in all things reinstated and each and every pleading formerly filed by said plaintiffs or either of them, be herein refiled and made a part and an exhibit to this petition.".

On September 5, 1905, they filed their first amended original petition in which, besides the original defendant, William Scott and L. H. Bates were made defendants. In this petition, the land is described as in the original, and in addition to the formal allegations, usual in an action of trespass to try title, it is alleged that the land was conveyed by Cecilio Salas and wife to Salome Young by deed of date July 26, 1860; that plaintiffs have a good and perfect title to the land held through their vendors, with whom they are in privity, by continuous, peaceable, unbroken and adverse possession of the same, cultivating, using and enjoying the same for a period of ten years before the commencement of this suit. This petition omits mention of the judgment dismissing their prior suit mentioned in the original, and does not ask that their original action be reinstated or any relief against the order of its dismissal.

The defendant Manuel Alonzo, on the day the amended original petition was filed, answered by a general demurrer, and a plea of not guilty; and on February 6, 1906, defendants Bates and Scott filed a like answer. In addition to his general demurrer and plea of not guilty, the defendant Alonzo by his first amended original answer pleaded the three, five and ten years' statutes of limitation; and the same matters were pleaded by the other two defendants in amended answers.

On February 14, 1906, the plaintiffs filed their second amended original petition in the case. This petition does not seem to be materially different from the first amended one; but as stress is laid by both parties upon the allegations it contains of plaintiffs' title, we will incorporate them here. They are:

"And plaintiffs further represent that they, claiming to have good and perfect right and title to the land described above, have had and held through themselves and their vendors, Cecilio Salas and his wife, Angela Cabazos y Salas and their vendors and grantors, with whom they were and are in privity, continuous, peaceable, unbroken and adverse possession of the land claimed, being the lands heretofore described in said plaintiffs' petition, cultivating, using and enjoying the same for the period of more than ten years before the commencement of this suit, and by reason of said possession for more than fifty years they have good and perfect title to said land. And this they are ready to verify.

"And plaintiffs further represent that they have had continuous, peaceable, unbroken and adverse possession of the land above described, cultivating, using and enjoying the same for the period of more than ten years before the commencement of this suit, taken and held under a written memorandum of title, specifying the boundaries of said tract, and duly recorded on the 8th day of January, 1861, in

the office of the Recorder of Deeds of Cameron County, Texas, in Book "H," pages 182 and 183, it being the deed from Cecilio Salas and his wife Angela Cabazos y Salas, to Salome Young, the deceased wife of plaintiff, John McAllen, and these plaintiffs being the sole heirs and administrators of her estate; the said deed from Cecilio Salas and his wife Angela Cabazos y Salas, to said Salome Young conveying the land heretofore described in this petition; the said written memorandum of title is here referred to for more definite description. And it is also here alleged that said plaintiffs are in privity of contract with the aforesaid Cecilio Salas and Angela Cabazos y Salas, under and through whom they hold, as herein alleged. And this they are ready to verify."

And on the same day they filed their first supplemental petition, which, omitting the formal parts, is as follows: "That the pleas of the three, five and ten years statutes of limitation as set out in said answers are wholly without merit, because on the 11th day of July, 1890, Salome McAllen, now deceased, joined by her husband, John McAllen, one of the plaintiffs herein, filed their suit in the District Court in and for the 28th Judicial District of Cameron County, Texas, against the said Manuel Alonzo, defendant herein, the number of said suit being 1599, it being an original suit and affidavit in sequestration which was brought as an action as well to try title as for damages for the restitution and recovery of the premises now involved in this suit; that since the institution of the aforesaid suit, the said Salome McAllen departed this life in the month of May, A. D. 1898, leaving as her sole representatives and heirs at law, so far as the premises now involved are concerned, the hereinbefore designated plaintiffs; that the said suit remained upon the docket of said court undisposed of until September 11, 1903, when on the said last named day, without fault on the part of any of the aforesaid plaintiffs, and without notice to them, and during their absence, it was dismissed for want of prosecution; that said dismissal of said cause was wholly without plaintiffs fault or consent, and by reason of this fact plaintiffs were unable to reinstate said cause, as provided by law, by reason of the absence of the plaintiff, John McAllen, who was then on a trip to Europe; that neither of said plaintiffs were present at the time and had no notice whatever of the dismissal of said suit until after the end of the term of said court. Plaintiffs further represent that as soon as they ascertained that said suit had been dismissed without their knowledge and consent, promptly employed counsel to reinstate the same, and it being too late to reinstate the said cause, they have brought this suit promptly and without delay.

"Plaintiffs now set up and aver that they did not abandon said former suit, and that by reason of the pendency of said former suit, the statute of limitation of three, five and ten years did not run or operate in favor of the defendant, Manuel Alonzo, or in favor of the defendant, L. H. Bates, and William Scott.

"Plaintiffs further aver that by reason of the fact the premises now in controversy was the separate property of Salome McAllen being the wife of John McAllen, the plaintiff herein, and was

continuously under coverture as the wife of said John McAllen from the years 1861 until May, 1898, the said statutes of limitation did not in any manner run against her or against these plaintiffs; neither did such statutes operate in favor of said defendants, the said statutes never having run against any of the parties plaintiffs in this case."

By a supplemental answer, defendants filed general and special exceptions to plaintiffs' supplemental petition, as well as a general denial.

The general exception to plaintiffs' supplemental petition was sustained, and the case was tried before a jury whom the court, after plaintiffs' evidence was introduced, orally directed to return a verdict for the defendants; and from the judgment rendered upon a verdict accordingly returned, plaintiffs have appealed.

*Opinion.*—The first assignment of error is: "The court erred in peremptorily instructing the jury, orally, at the conclusion of plaintiffs' evidence, and before defendants had offered any evidence, to return a verdict in favor of defendants, and in receiving said verdict, and rendering judgment thereon for defendants."

If, after viewing the evidence in the light most favorable to plaintiffs, no one of ordinary mind could, after being informed of the law applicable, reach any other conclusion than that plaintiffs had not proved such facts as entitled them to recover the premises sued for, then, the verdict and judgment must be deemed correct, and not affected by the instruction of the court to the jury to return such a verdict being oral.

The record discloses the following evidence: Cecelio Salas lived on the land in controversy as the home of himself and family continuously from the year 1851 to 1889, having it enclosed with a brush fence. In 1889 Salas sold the land to Manuel Alonzo, who erected a post and wire fence around it and other contiguous land and has occupied it through tenants ever since claiming title thereto through Cecelio Salas.

On July 26, 1860, Cecelio Salas and his wife, Angela Cabazos y Salas, while living on the land, executed a deed conveying the premises in controversy to Salome Young. This deed recites a consideration of $250 cash, and was duly acknowledged by the grantors on the same day it was executed.

J. B. McAllen, one of the plaintiffs, testified: "Salome Young, described in this deed of Cecelio Salas to Salome Young, was my mother. She is dead, having died in the year 1898, on the 27th of May. I do not know when she and my father were married. At the time this deed was made from Cecelio Salas to Salome Young, she was not married to my father, I know that from our family history. These plaintiffs here, myself, John Young and my father, are the legal representatives and heirs of Salome Young, and they are the sole heirs and representatives." This witness also testified that he was born in 1862. There is no other evidence in the record tending to show when the plaintiff, John McAllen, and Salome Young were married. Nor is there any evidence tending to show that Salome Young or any of the plaintiffs was ever in possession of the land, either personally or by tenant. While it was proved that

454 Texas Civil Appeals Reports, Vol. 46. [May,

Salas, with his family, continued in possession of the land as his home after he and his wife made the deed to Salome Young, just as he had done before, there is no evidence that his occupancy was, at any time, as her tenant, unless such tenancy can be inferred from the bare fact of his execution of such deed.

Now, under the most favorable view to plaintiffs that can be taken of this evidence, can it be said, in view of the law applicable to it, that it unquestionably shows no right in them to recover the land?

This evidence shows that plaintiffs and defendants claim through Cecilio Salas as a common source of title; that plaintiffs' title, emanating from this source, is older than defendants'. It does not appear from the evidence that defendants were purchasers in good faith for value without notice of the deed to Salome Young through whom plaintiffs claim, the burden of proving which was on them. Besides, the record of this deed was constructive notice of its contents. Therefore, the maxim, "First in time first in law," applicable in cases where both parties claim through a common source, would entitle plaintiffs to recover, unless it clearly appears from the evidence that plaintiffs' title was extinguished by the ten years statute of limitation, either before or after the defendant Alonzo purchased from Cecilio Salas.

This was defensive matter. In other words, plaintiffs, by showing priority of title under the common source, made out a prima facie case, and the burden was upon the defendants to rebut it by proving that plaintiffs' cause of action was barred by the statute, unless this was indisputably shown by plaintiffs' own evidence.

Conceding that it clearly appears from the evidence that at some time after Salas and wife made the deed to Salome Young through which plaintiffs claim, the grantors began to hold the property adversely to their grantee, can it be said from the evidence in the record at what time such adverse possession commenced? There is no direct evidence that it was adverse until Salas sold to the defendant Alonzo in 1889; it is simply a matter of inference that their holding adversely to their grantee began prior to that time. Not, however, an inference of law, to be drawn by the court; but of fact, to be determined by the jury. There is nothing tending to show, save his remaining in possession, that Salas held and claimed the land adversely to Salome Young any time between the date of his deed to her and of her marriage to John McAllen. While the latter date is not shown the circumstances tend to show that it could not have been long after the deed was made; for the evidence shows that J. B. McAllen, the fruit of their marriage, was born in 1862. It must be presumed, in the absence of evidence to the contrary, that he was begotten in lawful wedlock. Allowing, then, for the period of gestation, it is not probable that she was a feme sole much longer than twelve months after the time her deed was made; nor does it necessarily follow that the possession of her vendor was adverse at any time during that short period. On the contrary, if a presumption is to be indulged, it would be more natural to presume, that Salas' possession was held subordinate to the title of his vendee. Even if after Salome Young married John

McAllen, it were proved that Salas' possession was adverse, the statute did not (if it had not commenced to run before) commence to run against her until the 1st day of August, 1896 (Broom v. Pearson, 81 S. W. Rep., 754; Beale's Heirs v. Johnson, 99 S. W. Rep., 1046); and ,consequently, could only have run against her one year eight months and twenty-seven days up to the date of her death. Therefore, we must conclude that the evidence does not show that plaintiffs' title was extinguished by the ten years statute of limitation before the defendant Alonzo purchased from Salas.

Nor can it be said from the evidence, as a matter of law, that the statute ran against plaintiffs for ten years after defendant bought the land from Salas. As is said, if the statute did not begin to run before Salome Young's marriage, it did not commence until August the 1st, 1896, and it was only one year eight months and twenty-seven days from then until her death. It was suspended for twelve months by operation of law from the date of her death. This suit was filed on November the 14th, 1904. Therefore, though the evidence shows that Alonzo's possession was adverse to plaintiff from the date of his purchase, it does not show that the statute of limitation ran in his favor against plaintiffs for ten years; but it seems rather to show that it could have only run, at most, a little over seven years. Therefore, we must hold that the court erred in peremptorily instructing a verdict in favor of the defendants.

The second assignment of error complains of the court's refusal to allow plaintiffs to introduce in evidence the original petition in the old suit referred to in their original and supplemental petitions, and to show that such suit was brought and prosecuted in good faith and dismissed without their knowledge and consent. We can not perceive upon what principle, either the petition, or the proof offered in connection with it, could have been admitted in evidence. This suit was not for the purpose of vacating the order of the court dismissing the old one. That order was final and conclusive against a collateral attack and not a subject of inquiry in this action. That such suit had been instituted and dismissed, did not prevent the running of the statute of limitations against plaintiffs' cause of action. The assignment is therefore overruled.

What we have said in considering the first assignment of error, in effect disposes of the fourth in the same manner; and our disposition of the second likewise disposes of the fifth.

The third and sixth assignments of error complain of the court's instructing the jury orally. If the peremptory instruction to find for defendants had been warranted by the law and evidence, we would not likely perceive any harm in giving the instruction orally, though the statute requires charges to the jury to be in writing, and it is thought best in every instance to be governed by it.

The general demurrer should not have been sustained to plaintiffs' supplemental petition. The last paragraph in averring coverture, in replication to defendants' pleas of limitation, was good against a general demurrer.

On account of the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*