**CLEVELAND STATE BANK et al. v. GARDNER et al. (No. 811–4474.)**

(Commission of Appeals of Texas, Section A. June 16, 1926.)

**1. Vendor and purchaser ☞259—Vendee and privies cannot deny vendor's lien covers all land described in deed prior to its reformation, though some land is included by mistake.**

Though part of land described in deed is included by mistake, neither vendee nor those claiming under him can deny that vendor's lien covers all land described, until deed is reformed.

**2. Reformation of instruments ☞26.**

Where deed to one mistakenly included land already owned by him, his vendee acquires vendor's equitable right to have mistake corrected.

**3. Limitation of actions ☞60(6).**

Limitation, under Rev. St. 1925, art. 5529, for bringing action for correction of mistake in description of deed, runs from time of delivery of deed to vendee, where he was chargeable with knowledge of such mistake at that time.

**4. Limitation of actions ☞60(6).**

As respects limitations, vendee of property, included by mistake in deed to vendor, is chargeable with notice of mistake on acquiring deed and succeeding to vendor's cause of action for correction of mistake, where vendor was chargeable with such notice when he received deed.

**5. Limitation of actions ☞60(6)—Limitation for bringing action to correct mistake in including property in deed is not interrupted by conveyance of property mistakenly included (Rev. St. 1925, art. 5529).**

Limitation, in Rev. St. 1925, art. 5529, for bringing action to correct mistake in deed, running against party from time of acquiring deed, is not interrupted by conveyance of property mistakenly included in deed, but continues to run against vendees of such property.

**6. Limitation of actions ☞105(2).**

Limitation of Rev. St. 1925, art. 5529, for bringing action to correct mistake in deed, was not interrupted by filing original suit of trespass to quiet title not based on correction of mistake, since both causes of action were distinct.

---

**7. Limitation of actions ⬅⇒39(5).**

Action to correct mistake of description in deed was a personal action, and barred by Rev. St. 1925, art. 5529, if not brought within four years after delivery of deed.

**8. Limitation of actions ⬅⇒170—Trespass to try title ⬅⇒6(1)—Suit of trespass to try title to land, included in deed by mistake, cannot be brought before reformation of deed and is barred, if latter remedy is barred (Rev. St. 1925, art. 5529).**

Plaintiff, having equitable right to reform deed including his land by mistake, has no independent right to maintain suit of trespass to try title before reformation of deed; and, where remedy of reformation is barred by Rev. St. 1925, art. 5529, consequential relief in actions involving title cannot be had.

**9. Appeal and error ⬅⇒1177(9)—Assignee of vendor's lien and notes held not entitled to recover land under deed from sheriff, where record contained no judgment of foreclosure, and failed to show that assignee held superior legal title of assignor.**

Assignee of vendor's lien and notes, filing cross-action to recover land included under vendor's lien, to which plaintiff unsuccessfully sought to quiet title, *held* not entitled to recover land under deed from sheriff in sale on judgment, where record contained no judgment of foreclosure on which sheriff's deed was based, and failed to show that assignee held superior legal title of his assignor.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by Ralph Gardner and another against the Cleveland State Bank and another, in which the defendant named filed a cross-action. Judgment for plaintiffs was affirmed by the Court of Civil Appeals (274 S. W. 220), and defendants bring error. Reversed and remanded.

John C. Randolph, of Houston, E. W. Love, of Cleveland, and W. L. Hill, of Houston, for plaintiffs in error.

J. A. Platt, of Houston, for C. B. Granbury. A. L. Kayser, of Conroe, for Thos. S. Falvey. John Hansbro, of Cold Springs, and J. Llewellyn, of Liberty, for defendants in error.

HARVEY, P. J. This suit was brought by the defendants in error Ralph Gardner and Elmer Gardner against the plaintiffs in error the Cleveland State Bank and E. L. Bramlette, the active vice president of said bank. The plaintiffs' original petition was in the ordinary form of trespass to try title for the recovery of the tract of 160 acres of land in controversy, and was filed on July 28, 1922. On September 30, 1922, the bank and Bramlette answered by plea of general denial and not guilty. On March 6, 1923, the bank filed its amended answer, pleading as before, and, in addition, pleaded a cross-action against the Gardners, in the form of trespass to try title, for the recovery of said tract of 160 acres of land. Such amended answer also impleaded certain other parties upon their warranties, which is not material to the present discussion. On May 19, 1924, the Gardners filed their first amended original petition, wherein, in addition to their suit in trespass to try title, as they had pleaded same in their original petition, they alleged, in substance, that the bank and Bramlette were asserting a claim to said 160 acres of land through and under a certain deed that had been executed by one Granbury to Ed Cochran on November 21, 1918, and that the inclusion of said 160 acres of land as part of the lands conveyed by said deed was the result of a mutual mistake on the part of Granbury and Cochran, who did not intend to include said 160 acres in the description of the premises conveyed by the said deed, and prayed for the title and possession of said 160 acres of land and that their title to same be quieted, and the cloud cast upon their title by the claims of the bank and Bramlette be removed.

Upon the trial, it appeared that on November 26, 1917, Ed Cochran, by deed from Jeff Cochran, acquired the title to the 160 acres of land in controversy, and entered into actual possession thereof on that day, and continued to hold actual possession thereof until he executed deed therefor, in 1920, to the Gardners, as hereinafter stated. That on November 21, 1918, the said Granbury owned and held title to a large tract of land adjoining said 160-acre tract, and held deed covering said 160 acres to which he held no title. On that day he sold to Ed Cochran the tract of land then owned by said Granbury. That, in drawing the deed covering said sale, the scrivener who drew same, by mistake included in the description of the lands purported to be conveyed by said deed the said 160-acre tract to which Granbury held no title. The Court of Civil Appeals found as a fact that the parties to said deed did not intend that said 160-acre tract should be embraced by the field notes contained in the deed, and the inclusion of said tract therein was a mutual mistake of the parties to the deed. As part payment of the purchase money recited in said deed, the said Ed Cochran executed his four certain promissory notes, payable to the said Granbury, or order, and secured by the vendor's lien upon all the lands described in said deed, including said 160 acres; which vendor's lien is expressly reserved in said deed. This deed was duly filed for record on December 6, 1918, and duly recorded on the following day. Subsequently Granbury assigned two of said Cochran notes to the Cleveland State Bank, together with the vendor's lien securing same. The bank, at the time of the assignment, had constructive notice of the fact that Ed Cochran was the real owner of said 160-acre tract of land at the time of and before the execution of the deed to him by Granbury, and that such tract was incorporated in said deed by

mistake. These two notes were never paid, and, so far as shown by the record before us, are still subsisting and unsatisfied in the hands of the Cleveland State Bank. There appears in the record a deed executed by Z. T. Ross, sheriff of San Jacinto county, purporting to convey to the Cleveland State Bank all the lands described in said deed from Granbury to Ed. Cochran. Said deed purports to have been made in consummation of a sale duly made by said sheriff in pursuance of an order of sale issued out of the Fifty-Fifth judicial district court of Harris county upon a judgment rendered in that court on April 6, 1922, in favor of the Cleveland State Bank against Ed Cochran. The judgment upon which this deed purports to be predicated does not appear in the record. On April 1, 1920, Ed Cochran conveyed to the Gardners, by deed of that date, the 160 acres of land in controversy, and they have held possession thereof ever since.

We have not undertaken to give a full statement of the case, but have undertaken to give only such brief outline of such material facts as are necessary to a general understanding of our holding herein. The facts and pleadings in the case are fully stated in the opinion rendered herein by the Court of Civil Appeals which is reported in 274 S. W. pp. 220 et seq., to which we here make reference for a fuller statement if such be required. The trial court rendered judgment in favor of the Gardners for the land sued for. The bank and Bramlette appealed, and said judgment was affirmed by the Court of Civil Appeals.

[1, 2] The deed which was executed by Granbury to Ed Cochran, in which the vendor's lien is expressly reserved to secure the payment of the purchase-money notes, imports an acknowledgment by Cochran (having effect as an estoppel) that the title to all the lands described in the deed was in Granbury. To all intents and purposes, as between the parties to said deed and their privies, Granbury held title to the lands, including the 160 acres, when the deed was executed, and the superior legal title, as well as the vendor's lien, remained in him, as vendor, to secure payment of the notes. The fact that the 160 acres was included, by mistake, among the lands purported to be conveyed by the deed, cannot obviate or affect the legal effect of such deed according to its import, until and unless such mistake is corrected by a reformation of the instrument. Until the mistake is corrected, neither Cochran nor any holder of the land under him can hold any title to the land which he can assert against the holder of said vendor's lien so long as such lien subsists and remains unsatisfied; nor can he deny that such lien covers all the land described in said deed. Apart from any equitable rights which accrue to the Gardners by virtue of their being Cochran's vendees, they have no cause of action against the plaintiffs in error. Among the equitable rights thus held by the Gardners, which furnish them a cause of action against the plaintiffs in error, is the right in equity to have the mistake in the deed from Granbury to Cochran corrected. They sought relief upon such cause of action for the first time on May 19, 1924, when they filed their amended petition. Until that time they had asserted no cause of action which they could maintain or were entitled to assert, against the plaintiffs in error.

Article 5529, of the Revised Civil Statutes of 1925, provides that:

"Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

[3-8] The plaintiffs in error duly pleaded this statute in bar of recovery by Gardners. Ed Cochran did not testify as a witness at the trial. Nothing is shown which excuses him from discovering such mistake when the deed was executed and delivered to him. He is chargeable with having knowledge of such mistake at that time. Therefore limitation began to run from that time against the cause of action for the correction of such mistake. Said deed was duly filed for record on December 6, 1918. When the Gardners acquired the deed from Cochran on April 1, 1920, and thereby succeeded to Cochran's cause of action for the correction of said mistake, they were charged with notice of such mistake, and cannot deny having knowledge thereof at that time. Limitation, which had begun to run against Cochran upon this cause of action, was not interrupted, but continued to operate against them. They filed suit, in ordinary trespass to try title, against the plaintiffs in error on July 28, 1922. The suit, as so filed, was not based upon the cause of action held by the Gardners for the correction of said mistake. Upon the latter cause of action they were not entitled to obtain relief under the allegations of their original petition, for the reason that such cause of action was not asserted in the original petition and was distinct from that asserted. Therefore the running of limitation against their cause of action for the correction of said mistake was not interrupted by the filing of the original petition, but limitation continued to run until May 19, 1924, when, for the first time, they asserted such cause of action by their amended petition. The filing of such amended petition was the beginning of a new action, in so far as it relates to the last-mentioned cause of action, and such new action is not one for the recovery of real estate within the meaning of the exception to the statute quoted above. It is a personal action to enforce in equity the equitable right held by the Gardners to have the mistake in the Granbury deed corrected. Therefore the

above-quoted statute is applicable thereto, and operates as a bar to the assertion of such cause of action. Without such mistake being corrected by a reformation of the Granbury deed, the Gardners held no legal or equitable title, as against the holder of said purchase-money indebtedness, to sustain their suit in trespass to try title, and were not entitled to recover upon the cause of action therein asserted for the reason they had no such cause of action independent of their equitable right of reformation. Their right to a recovery under their suit in trespass to title and to quiet title depended upon their obtaining the preliminary relief to be afforded by a reformation of said deed, and would follow as a consequence of their obtaining such preliminary relief. Being barred from obtaining this latter relief, they were not entitled to the dependent or consequential relief sought in their action of trespass to try title and to quiet title. McCampbell v. Durst, 15 Tex. Civ. App. 522, 40 S. W. 318; Railway v. Titterington, 84 Tex. 225, 19 S. W. 472, 31 Am. St. Rep. 39; Carl v. Settegast (Tex. Com. App.) 237 S. W. 241.

[9] The trial court erred in rendering judgment for the Gardners, and for such error the case must be reversed. The plaintiffs in error insist that judgment be here rendered in their favor upon their cross-action in which they seek to recover the land from the Gardners. This we cannot do, for the reason, if for none other, that the record contains no judgment of foreclosure upon which the deed from Z. T. Ross, the sheriff, to the Cleveland State Bank, purports to be based. Nor does it otherwise appear that the plaintiffs in error hold the superior legal title that remained in Granbury to secure the payment of the purchase-money notes executed to him by Ed Cochran. This being the state of the record, the plaintiffs in error do not appear to be in a position to rescind the sale from Granbury to Cochran, and recover the land. So far as disclosed by the record before us, the Cleveland State Bank is simply the holder of the purchase-money notes, with the right to foreclose the vendor's lien on the land described in the deed from Granbury to Cochran. What interest Bramlette has in the notes, or vendor's lien, is not made clear by the record.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals affirming the judgment of the trial court be reversed, and that the cause be remanded.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.