REESE et al. v. GRANAU et al.

No. 9411.

Court of Civil Appeals of Texas. Galveston.

Feb. 5, 1930.

Rehearing Denied March 13, 1930.

C. G. Krueger, of Bellville, and Mathis & Mathis, of Houston, for appellants.

Fred L. Blundell, of Lockhart, and C. D. Duncan, of Bellville, for appellees.

GRAVES, J.

Appellees, devisees and heirs of H. F. Granau, Sr., deceased, sued appellants, grandchildren and heirs at law of Jennie Reese, deceased, on May 20, 1929, alleging that on January 4, 1921, appellants, by deed of that date, conveyed to Granau, Sr., all the interest they had in the estate of their grandmother, Jennie Reese, which was an undivided one-fourth interest therein; that in so doing they specifically described three separate tracts of land belonging to Jennie Reese in other surveys, but through the mutual mistake of themselves and H. F. Granau, Sr., their grantee, omitted therefrom such a description of one-fourth interest in a 10-acre tract, lying in the W. C. White league in Austin county, Tex., which also belonged to the estate of Jennie Reese and was likewise owned by them, which the grantors and grantees, under the deed referred to, had intended to but had not so included therein; that such deed did in fact convey all their one-fourth interest in all the lands owned by Jennie Reese, but that appellants were now claiming that it did not convey their undivided one-fourth interest in the 10-acre tract in the White league so omitted therefrom as to particular description, and that, in so doing, they were casting a cloud upon the title of the appellees thereto.

In the alternative, they averred that, should the court hold the deed insufficient as written to convey to Granau, Sr., appellants' one-fourth interest in the White 10 acres, it had been at that time purchased from them by him, and all parties to the instrument had mutually intended for it to be included and particularly described therein, and, due to no negligence upon his part, but to a mutual mistake, that had been omitted therefrom.

That H. F. Granau, Sr., through no lack of diligence nor the failure to use due care, discovered such mistake only two months before his death on June 15, 1927.

They prayed for judgment construing the deed as conveying to Granau, Sr., the appellants' one-fourth undivided interest in the 10 acres involved, and for decree removing all cloud from appellees' title thereto by reason of the premises, and, in the event the court should hold the deed insufficient upon its face as a conveyance of the one-fourth interest in the 10 acres, that it be reformed and corrected so as to include the description of the same, and for general relief, attaching a copy of the deed declared upon to their pleadings and making the same a part thereof.

The material parts of the deed, omitting the descriptions of the various tracts of land, are as follows:

"Whereas, after the death of said Jennie Reese, who died several years ago, we are entitled to an undivided ¼ interest in her estate;

"Now, therefore, we, John Henry Reese, of Austin County, Texas, Margaret Reese Blackman and husband, Grant Blackman, Effie Reese Holmes and her husband, John Henry Holmes, all of Washington County, Texas, in consideration of Five Hundred ($500.00) Dollars to us in hand paid by H. F. Granau, the receipt of which is hereby acknowledged, have granted, sold and conveyed, and by these presents do grant, sell and convey, unto the said H. F. Granau, of Austin County, Texas, all our ¼ undivided interest in and to the estate of said Jennie Reese, and more particularly our one-fourth undivided interest in and to: (Here follows specific description of three different tracts of land in other surveys).

"To have and to hold the above described premises, together with all and singular, the rights and appurtenances thereto in any wise belonging unto the said H. F. Granau, his heirs and assigns forever, and we do hereby bind ourselves, our heirs, executors, and administrators to Warrant and Forever Defend, all and singular, the said premises unto the said H. F. Granau, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

Appellants answered by general and special exception, a general denial of having conveyed all their one-fourth interest to H. F. Granau, Sr., and a plea of four years' limitation under R. S. art. 5529.

On a trial before the court without a jury, judgment was rendered for the appellees divesting the appellants "of all interest in one-fourth undivided interest in and to the estate of Jennie Reese, deceased," as of the 4th day of January, 1921, "including 10 acres of land in

the W. C. White league," the court construing the deed as conveying—though it did not specifically describe—the interest in the 10 acres to them, but further decreeing the removal of the cloud therefrom cast on it by appellants' adverse claim, and the reformation of the deed so as to include the specific description thereof; pursuant to request, findings of fact and law were subsequently filed.

The record discloses no action upon the demurrers filed.

In this court appellants assail the adverse judgment, as well as all the material findings of both kinds, on the ground that the evidence was insufficient to support any of them, further ably contending that their plea of four years' limitation should have been sustained, since the action was one to reform a deed by the face of the plaintiffs' petition shown to have been brought more than that long after its execution and delivery, and no exception to R. S. art. 5529—barring that kind of a suit—was either properly plead or proved; indeed, not having prosecuted their complaint against the opposing pleadings, the gravamen of their protest here is that appellees were not entitled—as against the plea of limitation—to a reformation of the deed sued upon, because they wholly failed to show—as to both of which essentials the burden of proof was on them—either (1) that the alleged mutual mistake of omitting the description of the White 10 acres from the deed had not been actually discovered by H. F. Granau, Sr., more than four years before this suit was filed, or (2) that by the exercise of due care he could not have so discovered; they further urge that the deed delivered to Granau, Sr., with knowledge of the contents and effect of which he was then charged as a matter of law, showed upon its face the alleged omission of description.

Wherefore, in any event, they argue, the action for reformation was barred by the statute invoked, since it thus conclusively appeared that limitation began to run from the date of the deed, January 4, 1921, more than eight years before the filing of the suit on March 20, 1929.

In the first place, as the statement has shown, the suit was a double-pronged one, and, in so far as it was an action for construction of the deed declared upon and to remove a cloud from the appellees' claimed title to the interest in the land, which was its major premise, it was not subject to the bar of the appealed to four-year statute, being declaratory of a continuing right. Pannell v. Askew (Tex. Civ. App.) 143 S. W. 364; Slider v. House (Tex. Civ. App.) 271 S. W. 644.

The learned trial court, after hearing the evidence on the issue of how the deed should be construed, both intrinsic and extrinsic, thus stated its conclusion of law upon it:

"1. The Court doth conclude that, as a matter of law, the deed as executed by the defendants on the 4th day of January, 1921, conveyed their interest in the estate of Jennie Reese, deceased, as they were seized and possessed of the same on the 4th day of January, 1921, including within the terms of said deed the ¼ interest in the tracts of land therein described, and in addition thereto a ¼ interest in the 10 acres in the W. C. White league in Austin County, Texas, as set forth in the plaintiffs' original petition, as the defendants were possessed of the same on the 4th day of January, 1921; which said land, specifically described in said deed, together with said 10 acres of land in the W. C. White league, constituted the lands of which the said Jennie Reese, deceased, was partly possessed as her community estate, between her and her husband, Emanuel Reese."

While upon its face somewhat doubtful and ambiguous, when the deed itself is read in the light of the undisputed outside evidence heard, none of which has or properly could have been objected to as having been inadmissible for the purpose (13 Cyc. p. 608), no reason appears for not holding the quoted conclusion fully justified; such proof showed that Jennie Reese's estate owned an interest in the 10 acres at the time of the deed to Granau, Sr., and that appellants had inherited as much as a one-fourth undivided interest in the whole estate; that, from and after its execution and delivery until about the time this suit was filed, both sides to it, not only by their acts toward the 10 acres construed the deed as having conveyed it along with all the appellants' other interests in the whole of Jennie Reese's estate, but the appellants themselves at one time or another so declared; intrinsically, there is clearly no repugnance between the general and particular descriptive recitations, "all our ¼ undivided interest in and to the estate of said Jennie Reese, and more particularly our one-fourth undivided interest in and to" (here following with specific description of three tracts in other surveys), since the specifically described tracts are plainly and expressly stated to be merely included in the general estate conveyed, not to exclusively constitute it; in such circumstances the rule of construction is thus stated in 13 Cyc. at page 637:

"The question as to what property passes by a deed may be controlled by a general clause conveying all of the grantor's property. The construction of a description with such a clause therein is dependent upon the intention of the parties, and where it appears from the entire deed that it was the manifest intention to convey all of the property of the grantor a construction consistent therewith will be given. In construing a clause of this character the rule applies that the language is to be construed against the grantor."

This holding really determines the merits of the controversy, rendering all the further proceedings had immaterial, since, if the deed

in fact conveyed the whole estate, no basis remained either for removal of a cloud from that title, or for reformation of the instrument by which it passed.

In the second place, however, should the view just stated be in error, we are unable to agree that limitation was conclusively shown to have barred the cause of action for reformation of. the deed, concluding rather that the trial court's findings the other way did not lack sufficient support in the evidence.

As concerns this phase of the suit—an action for correction of a mutual mistake in the description in a deed—these two well-defined rules of law have been evolved as to when limitation begins to run under R. S. art. 5529:

(1) Where the vendee at that time either knew or was chargeable with knowledge of such mistake, it runs from the date of the delivery of the deed to him. Cleveland State Bank v. Gardner (Tex. Com. App.) 286 S. W. 173;

(2) Where he was not chargeable as a matter of law with knowledge of the existence of such mistake at the time of the delivery of the deed to him, it runs only from the date he actually learned, or by the use of due care ought to have learned, of the existence thereof. Harrison v. Orr (Tex. Com. App.) 296 S. W. 871.

(3) Our Commission of Appeals in the cited Harrison v. Orr Case seems—by analogy, at least—to have enunciated a third rule, applicable to cases coming within this (2) class, to the effect that one asserting limitation under R. S. art. 5529 in such instances as this has the burden of proving that the owner knew, or by the exercise of due care should have known, of the existence of the mistake for the full four-year period before the filing of the suit to correct it; see, also, Levy v. Roper, 113 Tex. 356, 256 S. W. 251; McAllen v. Alonzo, 46 Tex. Civ. App. 449, 102 S. W. 475.

So that, if limitation be considered an available defense, we think nothing was shown that charged Granau, Sr., as a matter of law, with knowledge of the existence of the alleged mutual mistake at the date of the delivery of the deed to him; wherefore the case in that respect came under the operation of above-stated rule (2), and the bar did not begin to run until he knew, or in the exercise of due care ought to have known, of its existence; the trial court found as a fact that he never during life either had that knowledge, or was guilty of such lack of care in relation to the matter, and this court—irrespective of who had the burden of proof upon the issue—is unable to say the supporting evidence was not enough; as we have found, the terms of the deed itself and the acts of both himself and his grantors—done as in pursuance of their mutual intention as therein expressed —reasonably led the elder Granau as grantee to assume that all of appellant's one-fourth

interest in the estate of Jennie Reese had thereby passed to him; hence, if nothing tending differently was otherwise ever brought home to him, surely it cannot be held as a matter of law that he was charged anyway with knowledge that such a mistake had been made.

Further discussion is deemed unnecessary; the judgment has been affirmed, with Justice LANE dissenting from some of the conclusions herein made.

Affirmed.

LANE, J. (dissenting).

It was agreed by the parties to this suit that during the marital relations existing between Emanuel Reese and Jennie Reese, deceased, they became the owners of the four tracts of land, three of which are described by metes and bounds in a certain deed offered in evidence in this suit, and one 10-acre tract not so described; that while Emanuel and Jennie Reese still owned such lands as their community property, Jennie Reese died intestate and left surviving her two children, namely, Mary Jane Reese and Andrew Reese, as her sole heirs, each of whom inherited from their mother, Jennie Reese, one-half undivided interest in the one-half of the four tracts of land belonging to her estate; that Andrew Reese died intestate while the owner of one-half undivided interest in the estate left by his mother, Jennie Reese, and left surviving him the defendants in this suit as his sole heirs.

On the 4th day of January, 1921, the defendants, all the heirs of Andrew Reese who inherited one-half of the estate of Jennie Reese, executed and delivered to H. F. Granau, Sr., a deed of conveyance wherein it is recited that Andrew Reese was dead; that before his death he inherited an undivided one-fourth (not one-half, as the facts show) interest in the estate of Jennie Reese, deceased; that they (the grantors), as sole heirs of Andrew Reese, were entitled to an undivided one-fourth of the estate left by Jennie Reese; that being the owners of such undivided interest in said estate they, in consideration of $500 to them in hand paid by Granau, Sr., were conveying to Granau, Sr., "all our *one-fourth* undivided interest in and to the estate of Jennie Reese, and more particularly our one-fourth undivided interest in and to: (Here three tracts of land are described by metes and bounds).

"To have and to hold the above described premises, together with all and singular, the rights and appurtenances thereto in anywise belonging, unto the said H. F. Granau, his heirs and assigns forever."

The deed mentioned was accepted by H. F. Granau, Sr., and by him duly filed for record, and the same was duly recorded.

H. F. Granau died in June, 1927, and the plaintiffs in this suit, the widow and children of Granau, Sr., became the owners of such undivided interest in the land in controversy as was conveyed to him by the aforementioned deed.

The plaintiffs having discovered that the 10-acre tract of land was not specifically described, as were the other three tracts conveyed by the deed of the defendants to H. F. Granau, Sr., brought this suit on the 20th day of May, 1929, against the defendants, praying for a reformation of the aforementioned deed so as to have a description of the said 10-acre tract in controversy embraced therein.

The plaintiffs, in effect, alleged that the defendants inherited from their grandmother, Jennie Reese, an undivided one-fourth interest in her estate; that by the deed of the defendants to Granau, Sr., they conveyed to him all of such one-fourth undivided interest, but through mutual mistake of themselves and Granau, Sr., there was omitted from the deed a description of the 10-acre tract in controversy, a part of which belonged to the estate of Jennie Reese, deceased, from whom they inherited an undivided one-fourth of her estate; that it was the purpose and intention of both defendants and Granau, Sr., to have the description of said 10-acre tract inserted in the deed; that, notwithstanding a description of such 10-acre tract was not included in the deed, such deed did on its face and in fact convey all the one-fourth undivided interest in the estate of Jennie Reese inherited by defendants; that by reason of such omission the defendants were now claiming that they did not convey their interest in the 10-acre tract, and in so doing were casting a cloud upon the title of plaintiffs to their interest in said 10-acre tract.

In the alternative, they averred that, should the court hold the deed insufficient as written to convey to Granau, Sr., defendants' interest in the 10-acre tract in controversy, then they say that at the time of the execution of such deed such interest had in fact been sold by defendants to Granau, Sr., and all parties to the deed had mutually intended for it to be included and particularly described therein, and that, due to no negligence upon the part of Granau, Sr., but to a mutual mistake, was omitted therefrom; that Granau, Sr., through no lack of diligence, nor failure to use due care, discovered such mistake only two months, before his death on June 15, 1927.

They prayed for judgment construing the deed as conveying to Granau, Sr., the appellants' one-fourth undivided interest in the 10-acre tract involved, and for decree removing all cloud from appellees' title thereto by reason of the premises, and, in the event the court should hold the deed insufficient upon its face as a conveyance of the one-fourth interest in the 10 acres, that it be reformed and corrected so as to include the description of the same, and for general relief.

Defendants answered by general denial, and specially denied that they sold or conveyed their entire interest, which they had inherited from Jennie Reese, to Granau, Sr., and by pleading the four years' statute of limitation, article 5529, Revised Statutes of this state, in bar of the plaintiffs' right to have the deed reformed.

On a trial before the court without a jury, judgment was rendered for the appellees divesting the appellants "of all interest in one-fourth undivided interest in and to the estate of Jennie Reese, deceased," as of the 4th day of January, 1921, "including 10 acres of land in the W. C. White league," the court construing the deed as conveying—though it did not specifically describe—the interest in the 10 acres to them, but further decreeing the removal of the cloud therefrom cast on it by appellants' adverse claim, and the reformation of the deed so as to include the specific description thereof; pursuant to request, findings of fact and law were subsequently filed.

It will be noted that the allegation of the plaintiffs' petition relative to the undivided interest of the estate of Jennie Reese inherited by the defendants was in effect that it was an undivided one-fourth of such estate. They alleged that by the deed mentioned defendants conveyed all of such one-fourth interest of such estate to Granau, Sr.

While the plaintiffs made no prayer for a judgment divesting defendants of all interest in the one-fourth undivided interest in and to the estate of Jennie Reese, as of the 4th day of January, 1921, the date of the deed from them to Granau, Sr., except as to the 10-acre tract, the court by its decree divested defendants of all of the one-fourth undivided interest in the estate of Jennie Reese, including the 10-acre tract.

I think the deed of defendants on its face clearly and without ambiguity conveyed to Granau, Sr., an undivided one-fourth of the estate of Jennie Reese, deceased, including the 10-acre tract, and no more, which still leaves defendants a title to a one-fourth undivided interest in such estate, as they inherited through Andrew Reese an undivided one-half of the estate.

I think the court correctly held that defendants by their deed conveyed to Granau Sr., one-fourth of all the estate of Jennie Reese. Neither the pleadings of plaintiffs nor the evidence would justify any other holding. The judgment of the court, however, has decreed a reformation of the unambiguous deed, over the plea of limitation pleaded by defendants, and the majority of this court has by the majority opinion affirmed such judgment. The writer feels constrained to dissent from the affirmance of so much of said judgment, first, because the deed was not ambiguous;

and, second, if it was, plaintiffs' right to have it reformed was barred by the statute of limitation pleaded by defendants.

The statutes of limitation as applicable to a cause of action contemplating the reformation of an instrument prescribes that the same shall be brought within four years after the mistake is discovered, or after it should have been discovered by the exercise of reasonable care, and the computation of the period prescribed by the statute is not from the time of the making of the mistake, but from the time that the mistake was discovered, or by the exercise of reasonable care it should have been discovered.

The deed, as already shown, was executed and delivered to Granau, Sr., on the 4th day of January, 1921, and was by him accepted and promptly filed for record. It was Granau's duty to familiarize himself with the contents of the deed before accepting the same and filing it for record, and neither he nor those holding under him should be heard to say that he did not discover the alleged mistake until two months before his death in June, 1927, about six years after the delivery of the deed to him. Nothing is shown which excused Granau, Sr., from discovering the alleged mistake when the deed was executed and delivered to him. He is chargeable with having knowledge of such mistake at that time. Therefore limitation began to run from that time against plaintiffs' cause of action for the correction of the alleged mistake. Cleveland State Bank v. Gardner (Tex. Com. App.) 286 S. W. 173; Gulf Production Co. v. Palmer (Tex. Civ. App.) 230 S. W. 1017.

There was no evidence that Granau did not discover the mistake at a time more than four years before he died, and certainly, if he did not discover such mistake earlier, it was because he was guilty of negligence in not examining the deed before accepting the same and filing it for record.

It has been often held by our courts that one cannot defeat his written contract by asserting that he did not read the same or know its contents before signing, unless upon a showing that his signature thereto was by means of fraud, duress, or some other unlawful means, or that he had no opportunity to read the same before signing. The same rule should apply where one accepts a contract executed by another with the intention that it should bind, and which in fact does bind, both parties thereto.

Having reached the conclusions above expressed, I dissent from so much of the opinion of the majority as affirms the judgment decreeing a reformation of the deed in controversy.

On Motion for Rehearing.

PLEASANTS, C. J.

I am not in full accord with either of my associates upon the questions discussed and decided in the opinions heretofore filed in this case.

I agree with Justice LANE in his dissenting opinion on the motion for rehearing that the court erred in holding, in the opinion affirming the judgment, that the deed under which appellees claimed on its face conveyed the 10 acres of land in controversy. Upon further consideration of this question I have concluded that the general rule of construction which limits the general to the specific description contained in a deed requires this deed to be construed as not including the 10 acres in controversy.

But I still adhere to the conclusion of the majority in the original opinion that the evidence requires an affirmance of the judgment of the trial court reforming the deed so as to make it conform to the undisputed intention of the parties. That the owners of the 10 acres omitted in the particular description of the land described in the deed intended it to be conveyed by the deed is shown by the undisputed evidence, and the omission to describe it was a mutual mistake of the parties to the instrument. The court finds upon sufficient evidence that this mistake was not discovered by appellees or their predecessor in title until within less than four years before the filing of this suit, and further finds that neither appellees or their predecessor in title would have discovered the mistake by the use of ordinary diligence.

This finding, in effect, amounts to a holding that, upon the facts of this case, appellees' ancestor, who purchased the land from appellants, should not be charged with negligence as a matter of law for his failure to read the particular descriptions of the several tracts of land contained in his deed and so discovered the omission therein within less than four years from the filing of this suit.

I do not think this holding of the trial court should be disturbed. The constructive notice of the contents of a written instrument which the law fastens upon the parties to the instrument does not as a matter of law convict a party to the instrument of negligence in not discovering a mutual mistake in the instrument within four years after its date, when, as is shown by the facts of this case, the acts and declarations of the other party were reasonably sufficient to authorize the finding that the party against whom the mistake was made was not negligent in not examining his deed and discovering the mistake.

This conclusion is not dependent upon nor affected by the question of upon which party the burden of proof rested, the case not being tried with a jury, and from all the evidence before him the trial judge having concluded that neither appellees nor their ancestor were negligent in not sooner discovering the mistake. I do not think this fact finding should be disturbed.

Justice GRAVES adheres to the views expressed in the original opinion on both of the questions herein decided.

LANE, J. (dissenting).

Since the affirmance of the judgment in this cause the appellants have filed their motion for rehearing which was by the majority of the court refused, the writer dissenting.

In affirming the judgment, we held that the deed of appellants to Granau, Sr., on its face conveyed the 10 acres of land in controversy to Granau, Sr. My first conception was that the deed did not convey said 10 acres, but later changed my mind and concurred with the majority in holding that it did so. However, since considering appellants' motion for rehearing, I have again reached the conclusion that the deed conveyed only a one-fourth undivided interest in the three tracts of land particularly described by metes and bounds in the deed, same being such part thereof as they inherited from Jennie Reese.

In the first paragraph of the deed it purports to convey *all the one-fourth interest* which the grantors inherited in the estate of Jennie Reese, and in said paragraph it is then recited: *"More particularly in the three tracts of land described as follows:"* (Here follows a description of three tracts of land by metes and bounds).

Considering the recitals in the deed alone, it may well be doubted as to whether either the grantees or grantor had in mind the ten acres at the time of the execution of the deed. Apparently they did not have the same in mind, or else it would have been particularly described in the deed as the three tracts therein described.

Wherefore, if appellees are entitled to a recovery of the title to any part of the 10 acres in controversy, it is not by reason that it was in fact conveyed by the deed in question, but only upon their prayer for a reformation of the deed, which the writer has already held they cannot do because of the statutes of limitation pleaded by appellants.

That part of the deed by appellants to Granau, Sr., reciting: "Do grant, sell and convey unto the said H. F. Granau, of Austin County, Texas, all our one-fourth undivided interest in and to the estate of said Jennie Reese," is unquestionably only a general description of the property sought to be conveyed, and unquestionably that part of the deed reciting: "And more particularly (to-wit) our one-fourth undivided interest in and to the tracts of land," etc., followed by a description of these tracts described by metes and bounds, is special and particular description of the property conveyed.

It is well settled that, where there is a particular description in a deed of the property conveyed, a general description in such deed must yield to such particular description. Cullers v. Platt, 81 Tex. 258, 16 S. W. 1003, 1004; Yarbrough v. Clarkson (Tex. Civ. App.) 155 S. W. 954, 955; Buie v. Miller (Tex. Civ. App.) 216 S. W. 630; Scheller v. Groesbeck (Tex. Com. App.) 231 S. W. 1092.

In Cullers v. Platt, supra, the deed in question conveyed by particular description by metes and bounds two tracts of land, and such description is followed by a general description reciting: "Containing all of said survey except 140 acres contained in said homestead." In that case the Supreme Court held that the description of the two tracts in the deed controlled, and only the land contained within the described metes and bounds passed by the deed.

For the reasons expressed, I dissent from the order refusing appellants' motion for rehearing.