## BOWEN v. GRUBBS.

### No. 11630.

Court of Civil Appeals of Texas. Galveston

July 13, 1944.

Richard H. Burks and Glen Green, both of Houston, for appellant.

McFarlane & Dillard, of Houston, for appellee.

GRAVES, Justice.

While many other parties participated below, only the appellant and the appellee, respectively, are before this court herein. Incidental reference only to the erstwhile participants will, therefore, be made.

The action was one in trespass to try title, brought by the appellee against the appellant, to recover 1/2 acre, more or less, of land in the John Austin Survey on 13th Street in the Houston Heights area of the City of Houston, the appellee basing his claimed right to recovery both upon an alleged record-title in himself, and upon one of limitation asserted to have been established by him under the 10-year statute (R.S.Article 5510, Vernon's Civil Statutes of Texas).

The appellant answered by pleas of general denial, not guilty, and by claims of title under the 3, 5, and 10 years' statutes of limitation, specifically pleading that all of his claims and rights to the land had come to him down and under Isom Graham, who was alleged to have perfected a limitation title to it, as against all of the appellee's declared upon cause of action, and that the appellant had in regular course succeeded to that title as so perfected in his lifetime by Isom Graham; and that the indisputable evidence so showed, notwithstanding the verdict of the jury and judgment of the court thereon to the contrary.

The cause was tried before a jury upon issues of fact, severally inquiring, in practically identical language, whether either of the two parties had completed the 10-year adverse possession he claimed against the other as to the land, inquiry No. 1, applying to the appellees, being this:

"Question 1:

"Has the plaintiff, Oscar C. Grubbs, Jr., and those under whom he claims, either in person or through tenants, had and held peaceable and adverse possession of the acre of land in controversy, using, cultivating, and enjoying the same for any period of ten consecutive years between March 16, 1909, and the filing of this suit on December 31, 1941?"

To that inquiry the jury answered, "He has", fixing the duration of the period from "March 16, 1909, to December 31, 1941."

As indicated, an almost verbatim inquiry as to Isom Graham was likewise propounded, to which the jury answered: "He did not".

On the coming in of that verdict, judgment was entered by the trial court on December 9, 1943, based, first, upon findings by the court upon the record title, from evidence admitted in the trial without being challenged, and, second, upon the verdict of the jury, finding that the appellee, Oscar C. Grubbs, Jr., and those under whom he

claimed, either in person or through tenants, had held peaceable and adverse possession of the land in controversy, using, cultivating, or enjoying the same for a period of ten consecutive years between March 16, 1909, and the filing of this suit on December 31, 1941.

The record discloses, among many others, these indisputable facts:

On January 2, 1908, James Grubbs conveyed to Isom Graham one acre of land, more or less, reserving a lien securing two purchase-money notes, one maturing July 2, 1909, the other maturing July 2, 1910; on March 16, 1909, Isom Graham conveyed by general warranty deed this one acre to G. D. Ellington (Bell County, Texas), and J. R. McElroy (Grayson County, Texas), in satisfaction of these same two notes, retaining title to a small building, which was to be removed within ten days after notice given by the grantees. The execution of this conveyance was witnessed by James Grubbs himself, and this tract of land was fenced by James Grubbs during the year 1909. No assignment of this vendor's lien, or of these purchase-money notes, appears of record from James Grubbs to G. D. Ellington and J. R. McElroy.

On December 6, 1923, Mrs. Issabella McElroy, surviving wife and sole beneficiary under the will of J. R. McElroy, deceased, quitclaimed all right, title, and interest in the one acre tract of land to the same James Grubbs.

On September 28, 1926, James Grubbs conveyed to the City of Houston 22.8 feet along the north side of the one acre tract for street purposes, in the opening of Thirteenth Street in Houston Heights.

James Grubbs died intestate November 9, 1930, and administration was had upon his estate, with inventory filed, showing claim to the property in question, and showing Oscar C. Grubbs, Jr., as one of the heirs of such decedent.

On November 13, 1932, in partition suit No. 207957, in the district court of Harris County, Texas, under style of Oscar C. Grubbs, Jr. v. J. Abner Grubbs et al., judgment was entered, vesting title to the land in question in Oscar C. Grubbs, Jr., the appellee herein.

Between August 23, 1915, and November 17, 1926, three different suits were filed in trespass to try title involving the one acre now in controversy, no one of which suits was ever prosecuted to judgment, to-wit:

Cause No. 67771, G. Thomas et ux. v. J. S. Grubbs et al., being dismissed February 9, 1918, for failure to satisfy ruling for court costs; Cause No. 85650, Mary Davis et vir. v. James Grubbs et al., dismissed July 9, 1923, for want of prosecution; Cause No. 128255, R. N. Little v. James Grubbs et al., dismissed March 14, 1927, by nonsuit.

Under pleadings filed in each of these cases, James Grubbs alleged a limitation title to the one acre in question.

Appellant's single point of error, upon which he grounds his claim for a reversal in his favor, is this: "This case should be reversed, because the evidence is insufficient to support the verdict and is contrary thereto, in that the land in controversy was never occupied, used, cultivated, or enjoyed adversely to the defendant in the trial of said cause."

The appellee's answer to appellant's presentments was, in substance, stated by him in two counter-points, to-wit:

"No. 1. Where the vendee of land under a deed reserving a lien securing purchase-money notes executed by him in favor of the vendor, conveys land to persons other than his vendor, in consideration of the surrender and cancellation of those same notes, the signing of such deed by the vendee being witnessed by the vendor; and the vendor thereupon taking possession of the land, not having made written transfer of the notes, or assignment or release of the lien securing the same, and claims, uses, and holds the land under fence for more than twenty-five years, without assertion of title, claim of ownership, or any act of dominion by such other persons, it will be presumed that the conveyance of such land by his vendee to persons other than himself was for the benefit of the vendor; hence trespass to try title would lie in favor of the vendor and those having privity of his estate for title to and possession of such land.

"No. 2. The continuous and exclusive use by one in possession of land held under fence under claim adverse to all others, and cultivated by tenants for ten consecutive years, is sufficient to establish title under Article 5510 of the Revised Civil Statutes of the State of Texas."

Such being the general reaches of the controversy as it comes here, this court has no substantial doubt that the trial court reached a sound conclusion and so ren-

dered the only judgment that could have properly been rendered on the facts, which, as before recited in the statement thereof given, were undisputed; except, of course, as to the rival claims over the possession and occupancy, which were submitted to the jury's arbitrament in the stated issues of fact.

In this situation it is, on the issuable facts so submitted in the inquiries to the jury, only necessary, under appellant's stated assignment, to determine whether or not the evidence was sufficient to support the jury's finding in appellee's favor on the limitation question.

After a review of the statement of facts, this court is unable to agree with appellant's copied attack upon the jury's finding in appellee's favor, concluding that not only did the testimony fully support it, but that, under the law in Texas, such a finding sufficiently established title to the land in the appellee, pursuant to invoked Article 5510, a number of the supporting cases being these: Eylar v. Eylar, 60 Tex. 315, 316; Mandelbaum v. Looney Merc. Co., Tex.Civ.App., 29 S.W. 203; McAllen v. Alonzo, 46 Tex.Civ.App. 449, 102 S.W. 475; Lott v. Dashiell, Tex.Civ.App., 233 S.W. 1103, 1109; Primitive Baptist Church v. Fla-Tex. Corporation, Tex.Civ.App., 158 S.W.2d 549; Smith v. Minor, Tex.Civ. App., 50 S.W.2d 405; Ross v. Houston Oil Fields Ass'n, Tex.Civ.App., 88 S.W.2d 586; Moore v. McCown, Tex.Civ.App., 20 S.W. 1112.

The appellee's record title under his quoted counter-point No. 1, supra, is also thought to have been so properly upheld and approved, in effect, by the trial court's judgment.

To say the least of that phase of the case, it is thought that the facts already stated jusified the legitimate inference as a matter of fact, if indeed it did not give rise to a presumption of law, that whatever conveyance was obtained from Isom Graham by G. D. Ellington and J. R. McElroy inured to the benefit of appellee's predecessor in title, James Grubbs, 2 Tex.Jur., page 22; Ellett v. Mitcham, Tex.Civ.App., 145 S.W.2d 917; Duke v. Houston Oil Co., Tex. Civ.App., 128 S.W.2d 480.

Further discussion is deemed unnecessary, as these conclusions determine the merits of the appeal. The judgment of the trial court is affirmed.

Affirmed.