PORT ARTHUR RICE MILLING CO. v. BEAUMONT RICE MILLS et al.

(Supreme Court of Texas. Nov. 20, 1912.)

On rehearing.

For former opinion, see 143 S. W. 926. Former decision affirmed.

DIBRELL, J. This cause was decided and a written opinion delivered on February 14, 1912, under the new statute requiring notice to be given of the filing of applications for writs of error, and providing that the Supreme Court may, in its discretion upon granting the writ of error, decide the case without a formal submission. Port Arthur Rice Milling Co. v. Beaumont Rice Mills et al., 143 S. W. 926. Subsequently, on June 19, 1912, upon motion for defendants in error, a rehearing was granted (148 S. W. 283). On November 13, 1912, elaborate oral argument on the part of both parties was heard by the court, and the cause regularly and formally submitted.

The principal contention on the part of counsel for defendants in error in their motion for rehearing and formal submission of the cause for oral argument was that, in deciding the case originally, this court misconceived the material facts upon which the opinion was based, and for this reason it was stated in the short opinion in granting the rehearing that we had not changed our view of the law as announced in the original opinion, and would adhere to the views there expressed unless it was shown that the court had in reality misconceived the material facts upon which the decision rests. While counsel for defendants in error has shown great ability, research, and industry in extended written and oral arguments, we are not the least shaken in our former views of the facts and law of the case.

We were never impressed with any serious contention on the part of the defendants in error that they had any defense against plaintiff's cause of action except that of limitation. It is equally clear that plaintiff's cause of action was barred by the statute of two years' limitation unless the statute was suspended by the concealed fraud of defendants in connection with the mortgagor, Burge, by which the mortgaged rice crop was converted to plaintiff's damage. It is immaterial to the vital question that plaintiff learned two years before the institution of the suit that the rice land in question was in fact worked by Burge and subject to its mortgage, and that defendants had received the proceeds of the sale of said rice crop, provided plaintiff did not know, and could not have known by the exercise of ordinary diligence, that defendants knew of and participated in the fraud of Burge in disposing of the mortgaged rice. As found by the Court of Civil Appeals, plaintiff knew, or might have known by the exercise of ordi-

nary diligence, that defendants had received the proceeds of the rice on which plaintiff had a prior lien, but it has nowhere been shown in the record or by any finding of the Court of Civil Appeals that plaintiff knew, or by due diligence might have known, of the fraud of Burge, Cannon, Naylor, and Hebert, participated in by defendants, until within a few days before the institution of this suit. The fact that defendants received the proceeds of the mortgaged rice, but as subsequent innocent and bona fide lienholders without any knowledge of plaintiff's prior lien, as represented to plaintiff and as plaintiff believed, gave it no cause of action against defendants. Plaintiff's cause of action existed by reason alone, under the circumstances of this case, of defendants' fraud, and, as long as that fraud was concealed from plaintiff by any act of defendants, the statute of limitation was held in abeyance. We do not care to discuss further the well-recognized principle of law already sufficiently fully discussed in our original opinion. The record shows that plaintiff disclaimed any knowledge of the fraud referred to and that defendants had always protested their good faith and innocence in their transaction with Burge, and that its knowledge of the true position of defendants was first revealed by the letter from Burge received a few days before this suit was instituted. This was an issue before the jury and was determined by them in favor of plaintiff. It is inconceivable that plaintiff, possessed of the knowledge of defendants' fraud so culpable, would have so delayed its action.

It cannot be with reason contended that plaintiff had a cause of action that it could have maintained against defendants when it learned that the rice in question was produced by Burge on the land embraced in the mortgage, upon the ground that it was the duty of defendants to inquire of plaintiff as to the effect of its mortgage, and, in failing to make such inquiry, was affected with constructive notice. Plaintiff's mortgage covered all the area of a certain tract of land worked by Burge, and covered none that was worked by another than Burge. Ostensibly the land in dispute was worked by another than Burge. Such person was in possession of the land, and, ostensibly in so far as defendants knew, the land in question was not covered by plaintiff's lien. This must be conceded, and herein lay defendants' defense against the right of plaintiff to recover the proceeds of the rice converted, were they not besmirched with the fraudulent transactions of assisting Burge to fraudulently appropriate the mortgaged property in question.

Having fully discussed the salient points upon which we think the judgment of the trial court should be affirmed, and having stated the material facts bearing upon that point correctly in our first opinion, we cannot further quote the testimony or findings of the Court of Civil Appeals without repeating what has already been said. It is therefore sufficient to say that the testimony is abundant to show, and the jury have so found, that plaintiff was made to believe by affirmative statements of defendants, or some one of them, that they had acted in good faith and that they had advanced and lost money on their transaction with Burge, when, as matter of fact, they colluded with Burge to defraud plaintiff out of its just claim and lien, and paid over to Burge several thousands of dollars, the proceeds of the rice crop which was covered by plaintiff's mortgage, thus the willing instruments of Burge to defraud plaintiff. We have called upon defendants' counsel, but he has failed so to do, to point out the testimony in the record showing or tending to show that plaintiff had knowledge or by the use of ordinary diligence could have acquired the knowledge of defendants' fraudulent participation in Burge's scheme to defeat plaintiff's mortgage lien, until the mysterious letter from New Mexico came to hand bearing the news that defendants had paid neither Naylor nor Hebert anything, but had paid over $20,000 to some one, and that an officer of said Mill "was the director general of the whole cheese." It is true this information was meagre, but it was sufficient to indicate to plaintiff the guilty participation of defendants in the fraudulent transaction that resulted in plaintiff's great pecuniary loss. Until this time, the statute of limitation was held in abeyance, and it did not begin to run until such revelation was made.

We think the conclusion heretofore reached in this case the correct one, and that the judgment of the Court of Civil Appeals should be reversed, and that of the trial court affirmed, and it is accordingly so ordered.