PORT ARTHUR RICE MILLING CO. v. BEAUMONT RICE MILLS et al.

(Supreme Court of Texas. Jan. 2, 1913.)

1. LIMITATION OF ACTIONS (§ 100*)—FRAUD—DISCOVERY OF FRAUD—STARTING OF LIMITATION PERIOD.

Where defendant rice mills entered into a secret agreement with B. to aid him in defrauding plaintiff and to conceal a transaction with B. in order to prevent plaintiff from enforcing a mortgage on certain rice crop, limitations did not begin to run against plaintiff's right to recover for the fraud until its discovery.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 323, 480–493; Dec. Dig. § 100.*]

2. PARTNERSHIP (§ 218*)—ACTS OF PARTNER—LIABILITY OF FIRM.

Each partner being liable for the acts of the other within the scope of the business, a verdict against the partnership is a verdict against each partner.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 49, 426–428; Dec. Dig. § 218.*]

3. APPEAL AND ERROR (§ 1149*)—SUPREME COURT — JURISDICTION — CORRECTION OF JUDGMENT.

The Supreme Court in the exercise of its supervising jurisdiction has authority to correct the form of the judgment of the trial court on a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4483–4496; Dec. Dig. § 1149.*]

On Rehearing. Overruled.

For former opinion, see 143 S. W. 926.

BROWN, C. J. Crediting counsel with a proper spirit of fairness and candor in presenting this motion, we must say that a strange persistency in misunderstanding and misstating the opinion of this court is manifest. We state the true situation:

[1] 1. The Court of Civil Appeals held that the statute of limitation began to run from the date of the conversion of the rice by the defendants in error. The evidence is undisputed that the Beaumont Rice Mills entered into a secret agreement with Burge to aid him in defrauding the Port Arthur Rice Milling Company of its debt and for that purpose concealed the transaction with Burge. This court held that the statute of limitation began to run from the discovery of the fraud.

2. This court acted alone upon the facts found by the Court of Civil Appeals and the undisputed evidence of the concealment of the fraud by defendants in error. Counsel for plaintiff in error has not denied the fraud, did not do so in argument, but virtually admitted it.

[2, 3] 3. Each partner was liable for the acts of the others within the scope of the business. A verdict against the partnership was against each partner. If, however, there was error in the form of the judgment of the trial court, it should have been corrected in that court. This court exercised its superior authority in accordance with the Constitution and law, and the statement that it has transcended its constitutional authority is wholly unfounded.

The motion for rehearing is overruled, and it is ordered that the issuing of the mandate be stayed for 30 days to enable defendant in error to make application for a writ of error to the Supreme Court of the United States.

PHILLIPS, J., did not sit in determining this motion.