### MRS. MACKIE WILLIAMS ET VIR. V. THE PURE OIL COMPANY ET AL.

No. 6293. Decided January 23, 1935.
(78 S. W., 2d Series, 929.)

*Jerome P. Kearby,* of Tyler, and *Jed C. Adams* and *W. B. Harrell,* of Dallas, for plaintiffs in error.

On the question of when the cause of action accrued and limitation begins to run: Cases cited in opinion.

Deed being void no title could pass until ratified by the commissioners court either by deed containing words of conveyance, or by acceptance of purchase money with full knowledge of the facts. Merriman v. Blalack, 121 S. W., 552 (Error refused); Holland v. Votaw, 130 S. W., 883 (Error refused); Kearby v. Cox, 211 S. W., 932.

On question of limitation. Skirvin v. O'Brien, 95 S. W., 696; Reese v. Medlock, 27 Texas, 124; Jolly v. Fidelity Union Trust Co., 298 S. W., 530 (Com. App.).

*R. G. Storey,* of Dallas, *Wynne & Wynne,* of Wills Point, *C. A. Sweeton, David T. Searls, Vinson, Elkins, Sweeton & Weems,* all of Houston, for defendants in error.

Where county received and retained the proceeds of a sale of its county school land sold by agent acting for and on behalf of county commissioners, there was a ratification of said sale, after whch the purchaser and those claiming under him took title to the land. Jones v. Fancher, 61 Texas, 698; Bird v. Alexander, 294 S. W., 305; Parks v. Santonio Tractor Co., 100 Texas, 222, 94 S. W., 331; 17 Texas Jur., 276.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

The opinion of the Court of Civil Appeals makes a correct and very comprehensive statement of the facts and issues of this case. In the interest of brevity we refer to and adopt that statement. 49 S. W. (2d) 846. We, however, will here make a sufficient statement to render this opinion complete within itself.

It appears from the record before us that the 132.8 acres of

land here involved is located in Van Zandt County, Texas, and originally constituted a part of the lands patented to Nacogdoches County, Texas, for public school purposes. On February 9, 1880, the commissioners court of Nacogdoches County, Texas, duly passed and entered on its minutes the following order:

"It is ordered by the court that R. H. Irion be and he is hereby appointed attorney in fact for Nacogdoches County to generally control, bargain, sell and convey and execute and deliver in the name of said County, deed to and receive the purchase money for any and all purchase of any part of the four (4) leagues of land patented to said County for educational purposes, and situated in the Counties of Henderson, Van Zandt, Upshur and Trinity, provided all sales of said land shall be made in accordance with the terms of contract made with said Irion, at February term of this Court, hereby ratifying all acts done by said Irion as attorney in fact as aforesaid, as if done in proper person present by this Court; and it is further ordered by the Court that the County Clerk of said County be and he is hereby ordered to furnish said Irion with a certified copy of this order under his hand and the seal of the County Court in lieu of the Seal of the Commissioners Court, this Court having no regular seal of its own."

Purporting to act under the above order R. H. Irion, the attorney in fact named herein, conveyed to D. D. Lybrand in the name of the county the 132.8 acres of land here involved for a consideration of $88.53 1/3 paid cash, and two promissory notes for $88.53 1/3 each, executed by Lybrand and payable to Nacogdoches County, and due January 1, 1881 and 1882, respectively. This deed was dated February 11, 1880, was filed for record January 9, 1883, and is recorded in deed records of Van Zandt County, Texas, Vol. 27, page 621. The deed retained the vendor's lien to secure the payment of the two notes. D. D. Lybrand, the grantee named above, is the common source of title.

It appears further that this land was the community property of D. D. Lybrand and his wife. They both died prior to January 14, 1889, leaving surviving them 10 children, all of whom attained their majority.

On January 14, 1889, all of the Lybrand children were living, except a daughter, Laura Lybrand Ames, wife of A. A. Ames, who was then dead. Laura Ames left as her heirs at law an infant daughter, Mackie Ames, and A. A. Ames, surviving husband of Laura Ames.

On January 14, 1889, seven of the Lybrand children con-

veyed their undivided 1/10 interest each in this land to their brother, W. B. Lybrand. After the delivery of this deed this land belonged 8/10 to W. B. Lybrand, 1/10 to another heir, J. M. Lybrand, and 1/10 to Mackie Ames, surviving child of Laura Ames, but the 1/10 interest of Mackie Ames was burdened with the life-estate of A. A. Ames in a part thereof.

On December 1, 1894, W. B. Lybrand and J. M. Lybrand conveyed this land in its entirety to W. T. Jarman. The consideration recited was $1,200.00. No mention was made of the interest of Mackie Ames, and Jarman intended to purchase the entire tract.

It appears that as soon as Jarman purchased this land he moved thereon with his family and fenced the same, and he and those holding under him have lived thereon and had possession thereof in such a manner as to perfect title under the five and ten years statutes of limitation, if such statutes apply in this case as will be more fully explained later.

It further appears that A. A. Ames has conveyed his life-interest in this land to his daughter, Mrs. Mackie Williams, who is the plaintiff in this suit.

We here quote the following findings of the Court of Civil Appeals:

"The undisputed evidence is that these notes were paid and that Nacogdoches County received in money, for educational purposes, the entire consideration for the land. The minutes of the Commissioners' Court of Nacogdoches County do not show any report of this sale to the court, or any formal order approving it. However, on August 8, 1927 the commissioners' court executed a special warranty deed for the recited consideration of $1. to 'D. D. Lybrand and all those persons, firms or corporations, holding title under him, his heirs and assigns, of the right, title and interest now or heretofore owned by said Nacogdoches County in and to all that certain lot, tract or parcel of land lying and being situated in the County of Van Zandt, State of Texas.' Then following a description of the land in question, and the further recitation:

" 'The above described land having heretofore been conveyed by R. H. Irion, attorney in fact for Nacogdoches County, Texas, to D. D. Lybrand by deed dated Jan. 14th, 1880, recorded in Vol. 27, p. 621, of the deed records of Van Zandt County, Texas, under a power of attorney from Nacogdoches County, Texas, as shown in Book E, pages 427 and 428, Minutes of the Commissioners Court of Nacogdoches County, Texas, and in said deed a vendor's lien was retained to secure the payment of

two certain promissory notes for the sum of Eighty-eight and 53/100 Dollars each, dated January 14, 1880, due respectively January 1st, 1881, and January 1st, 1882, with interest at the rate of ten per cent per annum until paid, and Whereas the said vendor's lien notes as aforesaid described in said deed have been fully paid, both principal and interest, same are hereby fully released and declared to be fully discharged and the vendor's lien retained in said deed is fully released and discharged.

" 'This deed is made and executed for the purpose of conveying whatever interest Nacogdoches County might or did have in and to the above described land and premises by reason of the fact it does not appear that the above sale and conveyance was ever ratified and confirmed by the Commissioners Court of Nacogdoches County, Texas, and for the purpose of ratifying and confirming said sale as well as to convey title to said land to said D. D. Lybrand, and all persons, firms or corporations holding or claiming title to any part of said land, by, through or under said D. D. Lybrand, his heirs and assigns.' "

The record shows that Mrs. Williams became of full age more than 10 years before this suit was filed, and under ordinary circumstances any claim she may have had to an undivided interest in this land was barred by the five and ten years statute of limitation long prior to the filing of this suit, unless it can be said that matters we shall now proceed to discuss compel a contrary conclusion.

Counsel for Mrs. Williams contend that the deed by Irion purporting to act as agent for Nacogdoches County was illegal and unauthorized and therefore did not operate to divest title out of the county, because the commissioners court had no authority to appoint an agent to discharge the duties imposed by law upon it. It is then contended that Mrs. Williams' cause of action did not accrue until the ratification deed of 1927 was executed because no title passed out of the county until that event.

■ It seems to be the settled law of this State that limitation does not begin to run until the right or cause of action accrues. The right or cause of action does not exist until facts exist which authorize the person asserting the claim to seek relief in a court of competent jurisdiction from the person due to make reparation. It involves both the existence of the right, and facts sufficient to constitute a cause of action. Deaton v. Rush, 113 Texas, 176, 252 S. W., 1025; Stanley v. Schwalby, 85 Texas, 348, 19 S. W., 264; Thompson v. Locke, 66 Texas, 383;

Cleveland State Bank v. Gardner (Com. App.), 286 S. W., 173; Southwestern Lumber Company v. Evans (Civ. App.), 275 S. W., 1078; American Exchange National Bank v. Keeley (Civ. App.), 39 S. W. (2d) 929; Humble Oil and Refining Company v. Andrews (Civ. App.), 285 S. W., 894; McCampbell v. Durst, 15 Texas Civ. App., 522; 40 S. W., 315; Stewart v. Miller (Civ. App.), 271 S. W., 311.

■ It is the settled law that the Commissioners Court of Nacogdoches County was without power to delegate to Irion the trust duties imposed by law upon it in regard to the sale and disposition of its public school land. Logan v. Stephens County, 98 Texas, 283, 83 S. W., 365. It follows that the Irion deed to Lybrand, standing alone, was illegal and conveyed no title. If no title passed out of Nacogdoches County until the execution and delivery of the ratification deed of 1927, Mrs. Williams' cause of action did not accrue until that time. This is true because if the title to this land did not pass out of the county until 1927, any action she might have attempted to recover her interest therein would have been met at the threshold by the defense that she could show no title in herself.

■ When we come to examine the record as to the various circumstances surrounding the attempt of the Commissions Court of Nacogdoches County to sell this land, we note that the Court of Civil Appeals finds in favor of the trial court's judgment that while the commissioners court did not enter a formal order of ratification of the Irion deed until 1927, still, under the undisputed evidence, the money representing the cash payment recited in the Irion deed "was at once paid into the commissioners court and went into the Nacogdoches County School Fund, and that the two deferred payments, represented by the two vendor's lien notes, were paid, and this money went into the school fund of the county." We think we are justified in concluding that all of this was done in recognition of the Irion deed. In our opinion, when these transactions transpired there occurred in law a ratification on the part of the Commissioners Court of Nacogdoches County of the Irion deed, and the county from that time forward was estopped to deny the validity of the original sale. In other words, when the transaction just recited occurred the title passed from Nacogdoches County to Lybrand. This is true even though it be admitted that under the opinion of the Supreme Court in Logan v. Stephens County, supra, the original attempted sale by Irion was invalid for want of power on the part of the county to appoint him as

its agent. Gallup v. Liberty County, 57 Texas Civ. Appeals, 175, 122 S. W., 291 (writ refused); Brazoria County v. Roth (Civ. App.), 168 S. W., 70 (writ refused); Slaughter Cattle Co. v. Potter County (Civ. App.), 235 S. W., 295; King County v. Martin (Civ. App.), 173 S. W., 960; Carter-Kelley Lumber Co. v. Angelina County (Civ. App.), 126 S. W., 293. In this connection it is settled that when the governing body of a municipal corporation is empowered to do an act purely administrative in its character, it may ratify such act when done by another without authority. Boydston v. Rockwall County, 86 Texas, 234, 24 S. W., 272. This rule applies to a county, and its governing body, the commissioners court. Id.

■ Since the county ratified the sale of this land to D. D. Lybrand by Irion, its purported agent, long prior to the execution and delivery of the ratification deed of 1927, the title to this land passed out of the county when the prior acts of ratification were comsummated. It follows that Mrs. Williams' cause of action accrued when such prior acts of ratification were completed. This being true, her right to recover an interest in this land was barred by the five and ten years statute of limitation at the time this suit was filed, because the statutes of limitation began to run against her when the title passed out of Nacogdoches County.

We have read and carefully considered the other assignments of error and questions of law contained in and raised by the application for the writ, and in our opinion the Court of Civil Appeals has correctly disposed of all of them. No good purpose would be served by further discussion here. In fact, the opinion of the Court of Civil Appeals on the question above discussed is in harmony with this opinion.

The judgments of the Court of Civil Appeals and district court are affirmed.

Adopted by the Supreme Court January 23, 1935.