KENNEDY et al. v. BROWN.

No. 4851.

Court of Civil Appeals of Texas. Amarillo.

Feb. 7, 1938.

Rehearing Denied Feb. 28, 1938.

Bradley & Wilson, of Lubbock, for appellants.

Bean, Evans & Bean, of Lubbock, for appellee.

STOKES, Justice.

On November 6, 1926, appellee, S. G. Brown, entered into a written contract with appellants, I. F. Kennedy and his sister, Lillian Kennedy, whereby appellee agreed to sell, exchange, and convey to appellants the northeast one-fourth of section No. 815, block D, in Yoakum county. The consideration to be paid to appellee, according to the contract, was the conveyance to him of the southeast one-fourth of block No. 9 and the south one-half of block No. 10, in Tech View, a subdivision of a tract of land in Lubbock county. The contract provided that appellee should retain and exclude from his conveyance one-half of one-eighth of all mineral rights in and under the quarter section of land to be conveyed by him.

On the 4th of December, 1926, appellee and his wife executed a deed of general warranty, conveying to appellants the quarter section of land in Yoakum county, but the reservation of the mineral rights provided by the contract was omitted from the deed. Appellee delivered the deed to appellant I. F. Kennedy on the day of its execution, and it was filed in the office of the county clerk of Yoakum county on the 7th day of December, 1926, and duly recorded in the deed records on December 15, 1926.

This suit was filed March 31, 1936, by appellee against appellants in the ordinary form of trespass to try title, with additional allegations to the effect that the reservation of the mineral rights provided by the contract was omitted from the deed through mutual mistake of the parties or an error on the part of the scrivener who prepared it. He prayed for judgment correcting and reforming the deed so as to include such reservation, and that he recover the title and possession of the portion of the mineral rights and properties in the land to which he was entitled under the terms of the contract of sale, and that the cloud cast upon his title be removed.

Appellants pleaded a general denial, not guilty, and set up the statutes of three, four, and five years' limitation. They further pleaded that they had nothing to do with the preparation of the deed, but that same was prepared by appellee or his attorney, and that if a mistake was made in its preparation, it was unilateral and not a mutual mistake.

The case was tried before a jury, and at the conclusion of the testimony each party filed a motion in which the court was requested to give a peremptory instruction in his behalf. The court granted the motion of appellee and instructed the jury to return a verdict in his favor, which was done, and judgment accordingly entered, correcting and reforming the deed as prayed for. Appellants duly excepted to the action of the court in granting appellee's motion for an instructed verdict and in overruling their motion for like relief and to the judgment as entered by the court, and have brought the case before this court for review upon three assignments of error in which they challenge the correctness of the rulings and judgment of the court in the respects mentioned.

The principal question to be determined is whether or not the statutes of limitation invoked by appellants were available to them under the circumstances

revealed by the record. The contract of sale plainly provides that the deed, when executed, should exclude from the conveyance one-half of one-eighth of all mineral rights in and under the land, and the absence of such reservation from the deed is equally as patent. We think, furthermore, the record warrants the conclusion that the failure to insert the reservation in the deed was due to a mutual mistake of the parties at the time the deed was executed. Mattox v. Davis et al., Tex.Civ. App., 106 S.W. 169. It has many times been held that a suit to correct a mistake in a deed is governed by article 5529, R.C.S.1925, and, therefore, barred after four years. It is equally as well established by the authorities that in such cases limitation does not begin to run until the mistake is discovered or should have been discovered by the exercise of such diligence as would be exercised by a person of ordinary care and prudence. Mason v. Peterson et al., Tex.Com.App., 250 S.W. 142, 143; Glenn v. Steele et al., Tex.Sup., 61 S.W.2d 810.

In order to avail himself of this well-established rule of law, appellee pleaded that he did not discover that the reservation of the mineral rights was omitted from the deed until a few days before filing the suit; that he had not seen the deed since it was executed and delivered; and that he had not had occasion to read the record of it in the clerk's office of Yoakum county. He alleged further that he had never at any time had any knowledge or information which would be sufficient to put an ordinarily prudent person upon inquiry in regard to the matter, and that if he had been in possession of any facts indicating the mistake had been made, he would have used reasonable diligence to ascertain the true contents of the deed and its record in the clerk's office of Yoakum county. He alleged further that at no time until shortly before filing the suit did any circumstance arise or come to his knowledge that was sufficient to excite any suspicion that the mistake had been made in writing the deed.

He testified in this respect that he, in person, delivered the deed to appellant I. F. Kennedy about the time it was executed, and that he did not notice the reservation of the mineral rights had been omitted. He said he did not read the deed, although he had ample opportunity to do so, and that a few days before the suit was filed he was coming to Lubbock on business, and there was considerable oil excitement in the territory where the land is located, and it occurred to him that there could have been a mistake made when the deed was written and that the reservation of the mineral rights might have been omitted. He said he went to see appellant I. F. Kennedy as soon as he arrived at Lubbock, and when he asked Kennedy if the reservation was included in the deed, Kennedy told him that he did not know but that, if it were not, it ought to be, and that he would have it corrected. These statements were in part corroborated by another witness and were not contradicted.

The record shows that, after the deed was executed and delivered, the matter of reservation of the mineral rights in the land was forgotten by both parties and was not again thought of until a few days before this suit was filed, which was more than nine years after the deed was executed and delivered. It is neither alleged nor shown by the evidence that appellants did any act or thing which could be construed as an assurance to appellee that the deed was written as contemplated by the contract or that could have had the effect of lulling appellee into a sense of security in reference to the matter.

Appellee takes the position that, because of the absence of some incident that would have the effect of apprising him of the mistake, or creating a suspicion that one had been made, he was justified in neglecting the matter during all the time that elapsed between the execution of the deed and the filing of the suit. We do not believe the law indulges in such extreme liberality. Appellants had nothing to do with the preparation of the deed. Appellee procured his own attorney to prepare it and he signed it in his attorney's office. In the absence of circumstances which prevented him from reading it and informing himself of its contents, he was charged with knowledge of its provisions when he executed it, regardless of whether he read it or not. It was unquestionably his duty to read it and inform himself of its provisions, and if he failed in that respect, the law charges him with full knowledge and notice of its contents. Williams v. Rand et al., 9 Tex.Civ.App. 631, 30 S.W. 509; Womack v. Western Union Tel. Co., 58 Tex. 176, 44 Am.Rep. 614; Barclay v. Falvey et al., Tex.Civ.App., 100 S.W.2d 791; American Freehold Land Mortg. Co.

v. Pace et al., 23 Tex.Civ.App. 222, 56 S.W. 377.

As we have stated, the statute of limitation applicable to this case provides for a period of four years, after which suits of this character shall not be brought. The law is well settled, however, that the statute is tolled during the time the mistake is not discovered or would not have been discovered by the exercise of reasonable diligence. Even if appellee were not charged by law with knowledge and notice of the contents of the deed and the absence therefrom of the reservation of the mineral rights which constitutes the mistake of which he complains, we think nine years extends far beyond the time that would be considered reasonable for a man of ordinary prudence to have discovered he had been deprived of valuable property rights by a deed which was at all times accessible to him, and we cannot accede to the contention of appellee that he would not be charged with some degree of diligence unless something happened that would have the effect of calling it to his attention. We are cited to the case of Luginbyhl v. Thompson, 11 S.W.2d 380, 382, decided by this court, and in which an application for writ of error was dismissed by the Supreme Court. In that case we said: "Under the allegations in appellee's petition, there was no fact nor circumstance to arouse his suspicion relative to the omission from the deed, and, in order to set in operation the statute of limitation, there must be some fact or circumstance to put him on inquiry. Authorities supra. Hence it is our opinion that, if the assignments properly presented the errors complained of, the court did not commit reversible error in overruling the exceptions."

The ruling was thus announced in reply to the contention that the petition of appellee affirmatively disclosed limitation and was subject to an exception. It was not announced as an abstract principle of law, but in relation to the facts of that case which were, in substance, that after the parties had executed the contract of sale which provided for reservation of oil, gas, and mineral rights, and before the execution of the deed which omitted such reservation, the grantor, with the knowledge and consent of the grantee, leased the land for a period of ten years for oil and gas development; that at the time the deed was executed the land was still under such lease and the lessee thereunder continued to pay the rentals to the grantor with the knowledge and consent of, and without objection by, the grantee for a period of some seven years, when the lease was forfeited for nonpayment of the rentals; that the grantee then entered into another contract whereby he agreed to lease it to the Gulf Production Company when, for the first time, he learned the mineral rights had not been reserved in the deed according to the contract of sale. The effect of our holding in the case was that the purchaser of the land having permitted the grantor to collect the proceeds of the lease and, although having full knowledge that he was doing so, made no objection, his action in that regard lulled the grantor into a sense of security which, under the law, excused him from exercising any effort to ascertain the fact that his rights under the contract had been omitted from the deed. Nothing of that nature is shown by the record in this case. To hold with appellee in his contention would, in effect, nullify the provisions of the statute and eliminate even the liberal rule established by the courts which tolls its effect during the time a man of ordinary prudence would exercise diligence with respect to his rights, and extend the period of limitation to such time as the party affected by it actually received information concerning the subject matter, or the happening of some event which forced him to take cognizance of it.

We perceive no reason why appellee should not have discovered the mistake in time to have had it corrected or brought his suit within the period of the limitation provided by the statute. The deed being of record in the public records of the county where the land was located and where appellee resided for several months after its execution, afforded him ample opportunity to read it and ascertain its provisions. We think it would be doing violence to the rule of reason if we should hold that a man of ordinary prudence who was looking after his property interests, as such a man would, is not charged with the duty of ascertaining a matter so vital and patent. In our opinion the ruling of the trial court and the giving to the jury of the peremptory instruction to return a verdict for appellee was error for which the judgment must be reversed. Dunn v. Taylor, 42 Tex.Civ.App. 241, 94 S.W. 347; Gulf Production Co. v. Palmer,

Tex.Civ.App., 230 S.W. 1017; Smith v. Fly, 24 Tex. 345, 76 Am.Dec. 109; Boren v. Boren, 38 Tex.Civ.App. 139, 85 S.W. 48; Vernor v. Sullivan & Co., Tex.Civ.App., 126 S.W. 641; Williams v. Ball et al., Tex.Civ.App., 246 S.W. 422; Davidson v. Commercial Nat. Bank, Tex.Civ.App., 59 S.W.2d 949; Kansas City Packing Box Co. v. Spies, Tex.Civ.App., 109 S.W. 432.

It is not controverted, but on the other hand appellee admits, that at the time the deed was executed he had ample opportunity to read it and inform himself of its contents. As a matter of law he was at that time charged with knowledge that the deed did not reserve the mineral rights provided in the contract. Since, under the law, he knew that fact as of the date the deed was executed, limitation began to run against him at that time. That is the controlling question in the case and forecloses the legal exceptions under which appellee would be permitted to avoid the statute of limitation invoked by appellants.

As the case seems to have been fully developed on the trial and resulted in the establishing of the fact that appellee was wholly lacking in that degree of diligence enjoined upon him under the circumstances, he cannot recover. It follows, therefore, that the judgment rendered by the court below must be reversed and judgment here rendered in favor of appellants, and that appellee take nothing by his suit.

Reversed and rendered.