### KENNEDY et al. v. ELLISOR et ux.

No. 11232.

Court of Civil Appeals of Texas. Galveston.

July 31, 1941.

Rehearing Denied Oct. 2, 1941.

Kennedy & Granberry, C. W. Kennedy, Jr., and F. P. Granberry, all of Crockett, for appellants.

Adams & Morgan, of Crockett, for appellees.

MONTEITH, Chief Justice.

This is an appeal in a trespass to try title suit brought by appellees, J. W. Ellisor and wife, to recover from appellants, C. W. Kennedy and A. B. Spence, 79.9 acres of land out of the Josiah Herod Survey in Houston County, Texas, and to remove an alleged cloud on appellees' title to said land.

Appellants answered by a general denial and a plea of not guilty. By cross-action they alleged that in 1927 appellees had agreed to sell them one half of the minerals in and under said land but that in the preparation of the deed conveying said interests to them, the word "royalty" was, by mutual mistake, used instead of the word "minerals". They sought a construction and reformation of said deed so that it might reflect its alleged true meaning and convey to them the title to an undivided one-half interest in the mineral estate in said land. In answer to appellants' cross-action, appellees specially pled the four years statute of limitations. They alleged that they had intended to sell and did sell appellants only one-half of the oil and other minerals which would be produced as a result of the development of a five-year oil and gas lease which they had previously executed in favor of appellants but that said lease had never been developed and had expired and that the mistakes, if any, in the wording of said deed were due to appellants' negligence in failing to procure a person properly qualified to prepare the instrument and to their negligence in failing to read the deed after it was delivered to them.

Based on the answers of the jury to special issues submitted to them, the trial court rendered judgment in favor of appellees for the title to and possession of said land and for the removal of the cloud cast on their title by said deed.

The deed in question was dated May 21, 1927. It was executed by appellees, J. W. Ellisor and Eunice Ellisor. By its terms, it conveyed to appellants, C. W. Kennedy and A. B. Spence, a "one-half royalty interest in and to all of the oil, gas and other minerals in and under, and that may be produced from," said land, described in said deed as 70 acres out of the Josiah Herod Survey in Houston County, Texas. It recited that said land was then under an oil and gas lease originally executed in favor of, and then held by the said C. W. Kennedy and A. B. Spence, and that it was understood that said sale was made subject to said lease "but covers and includes one-half of all the oil royalty and gas rental or royalty due and to be paid under the terms of said lease". It provided that "none of the money rentals which may be paid to extend the term within which a well may be begun under the terms of said lease, is to be paid to the said J. W. Ellisor, and, in the event that the said above described lease, for any reason, becomes cancelled or forfeited, then,

and in that event, the lease interests, and all future rentals on said land for oil, gas and mineral privileges, shall be owned jointly by C. W. Kennedy, and A. B. Spence and J. W. Ellisor, each owning interest in all oil, gas and other minerals, in and upon said land, together with interest in all future rents." In its habendum clause, the instrument contains the following provision: "To have and to hold the above described property, together with all and singular, the rights, and appurtenances thereto in any wise belonging unto the said *J. W. Ellisor,* (emphasis ours) his heirs and assigns forever."

This is the second appeal in this suit. It was originally brought by appellees in 1937 as an action to try title and for a construction of said deed dated May 21, 1927. On the first trial judgment was rendered in favor of appellants. On an appeal by appellees to this court, the judgment of the trial court was reversed and the cause remanded, this court holding that the true intent of the parties could not be determined from the wording of the deed. 128 S.W.2d 842. A writ of error was refused by the Supreme Court. On the second trial, of which this is an appeal, appellees, by amended pleadings, sued in trespass to try title for the title and possession of said land and for the removal of a cloud on their title.

While certain provisions of said deed must be construed for the purpose of clarifying ambiguities apparent on its face, the changes in its terms on which appellants rely for recovery under their cross-action clearly require a reformation of certain of its provisions rather than a construction thereof. On its face, the deed purports to convey a royalty interest in the land in controversy and not one-half of the mineral estate therein as claimed by appellants. In order for appellants to recover herein, the word "royalty" must be changed to the word "minerals" and the provision in said deed that "mineral privileges in the land shall be owned jointly by the said C. W. Kennedy and A. B. Spence and J. W. Ellisor, each owning ——— interest in all * * * minerals together with ——— interest in all future rents" must be changed to a provision which will vest in appellants, C. W. Kennedy and A. B. Spence one-half of the minerals estate in said land.

While numerous assignments are presented by appellants, as we view the record, the question as to whether the four-year statute of limitation urged by appellees in defense of appellants' cross-action, is available to them raises the controlling question in the appeal and renders the other points urged by appellants immaterial.

■ It is the established law in this state that suits brought to correct mistakes in deeds are governed by Article 5529, Revised Civil Statutes of 1925, and that, if such a suit is not brought within four years next after the right to bring it shall have accrued is barred under said Article 5529. Kennedy et al v. Brown, Tex.Civ. App., 113 S.W.2d 1018.

■ The rule is equally well established, however, that, in such cases, limitation does not begin to run until the alleged mistake is either discovered by the vendee or should have been discovered by the exercise of such diligence as would have been exercised by a person of ordinary care and prudence. Kennedy v. Brown, supra; Mason v. Peterson, Tex.Com.App., 250 S. W. 142; Glenn v. Steele et al., Tex.Sup., 61 S.W.2d 810.

In the instant case it is undisputed that appellees have been in possession of the land in controversy at all times since the date of the execution of said deed, on May 21, 1927. This suit was filed in April, 1937, approximately ten years after the execution and delivery of said deed. Appellant, C. W. Kennedy testified that the deed was delivered to him immediately after its execution by appellees and that it had been in his possession continuously since that time. It was recorded in the deed records of Houston County in 1929. The jury found in answer to special issues Nos. 19, 19a and 19b, on what we deem to be sufficient evidence, that appellants, C. W. Kennedy and A. B. Spence, failed to use ordinary care to discover the defects in said deed after it was executed and delivered to them; that the said C. W. Kennedy failed to read the deed at the time it was delivered to him and that his failure to do so was failure on his part to use ordinary care.

■ Appellants admit that they did not discover the mistakes in said deed until some time in the year 1936. They have neither pled nor attempted to establish by proof any reason for their failure to discover the alleged mistakes in said deed prior to that time, and, having accepted

the deed, in the absence of fraudulent conduct or proof of acts on the part of appellees preventing them from discovering the alleged mistakes therein, they are charged with knowledge of its provisions and limitation, under said Article 5529, began to run from the date of the delivery of the deed to appellants. Sherman v. Sipper, Tex.Sup., 152 S.W.2d 319; Barclay v. Falvey et al., Tex.Civ.App., 100 S.W.2d 791; Cleveland State Bank v. Gardner, Tex. Com.App., 286 S.W. 173; Kennedy v. Brown, Tex.Civ.App., 113 S.W.2d 1018.

■ Appellants contend that appellees are estopped to deny that appellants own one-half of the mineral estate in said land and are estopped to seek any construction of said deed other than that contended for by appellants for the reason that appellants had alleged and proved and the jury had found that they had incurred certain expenses in connection with perfecting the record title to said land reasonably believing from statements made and acts done by appellees that they recognized appellants as the owners of one-half of the mineral estate therein. This contention cannot be sustained.

The record shows that in August, 1936, the appellants discovered the alleged defects in said deed dated May 21, 1927, and sought a correction deed from appellees. Both appellant, C. W. Kennedy, and C. W. Kennedy, Jr., testified that they had discussed with appellee, J. W. Ellisor, the matter of correcting said mistakes at that time and that J. W. Ellisor in said conversations recognized appellants' title to one-half of the mineral estate therein. The jury found in answer to special issue No. 20 that appellees had agreed to sell to appellants one-half of the minerals in said land, including a like interest in said leasehold estate and in response to special issue No. 21 they found that appellees executed said deed intending to carry said agreement into effect. In answer to special issue No. 24 they found that in August, 1936, appellants reasonably believed from instruments made and acts done by appellees that they owned one-half of such minerals and that appellees recognized such ownership. It is undisputed, however, that J. W. Ellisor refused at that time to execute a deed correcting the alleged mistakes in said deed and that appellants took no further action to correct said mistakes until April, 1937, when they filed the cross-action in this suit which was brought by appellees. Further, at the time the alleged mistakes in said deed were discovered by appellants in August, 1936, their suit for reformation of said deed was barred by limitation under said Article 5529.

It follows from above conclusions that the judgment of the trial court must be in all things affirmed.

It is so ordered.

Affirmed.