**COX v. CLAY et al.**

No. 6100.

Court of Civil Appeals of Texas. Amarillo.

Dec. 11, 1950.

Rehearing Denied Jan. 8, 1951.

Justice, Moore & Justice, Athens, for appellant.

Sam Holland, Athens, Hawkins Golden, Dallas, for appellees.

STOKES, Justice.

The record in this case reveals that, prior to the year 1915, W. M. Cox and his wife, Martha Jane Cox, acquired, as their community property, 236½ acres of land in Henderson County upon which they lived and made their home. On February 1, 1915, W. M. Cox died intestate leaving surviving him his wife and ten children including appellant, D. L. Cox and M. A. Cox who was known as Cager Cox. At intervals between the years 1916 and 1936 Cager Cox purchased the interests of all of his brothers and sisters in the land, which they had inherited from their father W. M. Cox, paying most of them $200 each, some of them $150 each, and one of them $300 for their respective 1/20 undivided interests. He procured a deed from appellant D. L. Cox on June 26, 1928 in which, for the sum of $200, appellant conveyed to him by warranty deed all of appellant's undivided interest in the land, the deed reciting: "I am hereby conveying all my right, title and interest in said 236½ acres."

Cager Cox died intestate on April 7, 1943, and left surviving him his wife, Lillie Cox, who afterwards married the appellee Alex Luther Clay, and the appellees Mildred Brannon, Marguerite Asmussen and W. M. Cox. Appellant, D. L. Cox, filed this suit on the 21st of December 1948, against the appellees, the surviving wife and children of Cager Cox, alleging that, on January 30, 1919, his mother, Martha Jane Cox, con-

veyed to him by warranty deed her undivided one-half interest in the 236½ acres of land. He alleged that he was then fourteen years of age and that his mother never disclosed to him her action in executing the deed, but that the deed was forthwith filed in the office of the county clerk of Henderson County and duly recorded in the deed records thereof. He alleged further that his mother, Martha Jane Cox, died in the year 1936, and that he did not learn of her conveyance to him, and could not have learned of it by the exercise of due diligence, until about two years before he filed this suit. He alleged that he did not know of his mother's conveyance when he executed his deed conveying his interest in the land to Cager Cox and, when it was executed, both he and his grantee, Cager Cox, thought and believed appellant owned, and was conveying to Cager Cox, only the 1/20 undivided interest in the land inherited by appellant from his father W. M. Cox, and that the deed was executed under a mutual mistake as to the amount of land being conveyed by him. He prayed for reformation and correction of the deed so that it would convey only a 1/20 interest and exclude therefrom the interest owned by him which was conveyed to him by his mother.

Appellees answered by general and special denials, pleaded estoppel and ratification, laches and stale demand, the 3 and 10 years Statutes of Limitation as defenses to appellant's cause of action. They also pleaded a cross-action and sought affirmative relief under the 3 and 10 years Statutes of Limitation, Articles 5507 and 5510, Vernon's R.C.S.

The case was submitted to a jury upon twelve special issues of which the jury answered only two. In answer to those two it found that appellees had held peaceable, continuous and adverse possession of the land in controversy, under title or color of title, for more than three years after June 26, 1928, when appellant executed his deed conveying his interest in the land to appellees' ancestor, Cager Cox, and before December 21, 1948, when this suit was filed, and that they had held continuous, peaceable and adverse possession of it, cultivating or enjoying it for a period of ten years after June 26, 1928, and before December 21, 1948, when this suit was filed. The special issues not answered by the jury requested it to find: (1) Whether appellant did not know his mother had conveyed to him her one-half interest in the tract of land when he executed the deed to appellee's ancestor, Cager Cox, on June 26, 1928; (2) to find the date upon which appellant first learned his mother had executed her deed to him; (3) whether or not appellant used due diligence to learn of his mother's deed; (4) to find the earliest date upon which, by the exercise of due diligence, appellant could have learned of his mother's deed; (5) whether appellant would not have executed his deed to Cager Cox if appellant had known of the deed executed by his mother conveying to him her interest in the land; (6) whether or not Cager Cox knew of the execution of the deed from his mother, Martha Jane Cox, to appellant at the time he received the conveyance from appellant; (7) if he did know of it, then whether or not he failed to disclose to appellant knowledge of the execution of the deed by their mother to appellant; (8) to find what part of the land in controversy appellant intended to convey to Cager Cox by his deed of June 26, 1928; (9) whether Cager Cox did not intend to purchase all of the interest of appellant in the land in controversy; and (10) whether or not appellant, by the exercise of due diligence, could have discovered that his mother executed a deed to him conveying her one-half interest in the land in controversy, for a period of more than four years prior to December 21, 1948, when this suit was filed.

Upon the motion of appellees, the court rendered judgment in their favor upon their cross-action for the title and possession of the land involved and, appellant's motion for a new trial being overruled, he duly perfected an appeal to the Court of Civil Appeals of the Fifth District at Dallas, and the case has been transferred to this court by order of the Supreme Court.

Appellant presents the case for review upon two assignments of error in which he contends, first, since his cause of action was for the reformation of a deed and the evidence raised the issue of mutual mistake,

the court erred in submitting to the jury, over his objection, the issues of adverse possession under the 3 and 10 years Statutes of Limitation, Articles 5507 and 5510, Vernon's Revised Civil Statutes. Secondly, the court erred in refusing to declare a mistrial, since the jury did not answer any of the material issues submitted to it.

The controlling question in the case is whether or not the court erred in entering judgment upon the verdict of the jury when it failed to answer the special issues submitted to it concerning the allegations of mistake made by appellant in his pleading. He alleged that the one-half undivided interest owned by him in the land that had been conveyed to him by his mother was not intended by either him or Cager Cox to be included in the deed; that neither of them knew their mother had theretofore conveyed to appellant her undivided one-half interest in the land; and that the inclusion in the deed of the one-half undivided interest conveyed to him by his mother was a mutual mistake. If these allegations were material and were supported by any evidence of probative force, the issues concerning them were properly submitted to the jury and a judgment rendered by the court without a finding by the jury upon them was not warranted.

The theory upon which judgment was rendered by the court was, as contended by the appellees, that the allegations and contentions concerning the alleged mistake were immaterial because the undisputed evidence was to the effect that the appellees and those under whom they claimed had had peaceable and adverse possession thereof, cultivating, using and enjoying the same for more than ten years before appellant instituted his suit. In addition to adverse possession under the 10 years statute, Article 5510, the undisputed evidence showed that appellees had had peaceable and adverse possession of the land, under title or color of title, for a period of more than three years under Article 5507, R.C.S. If the 3 and 10 years Statutes of Limitation and adverse possession were controlling, the theory upon which the court entered judgment would have been the proper one but, in our opinion, the case is not controlled by the provisions of those articles of the statute.

We have no specific statute providing a period of limitation against mutual mistake. Article 5529 provides, however, that every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and it has been held in many cases by our courts that the question of limitation of actions based upon mutual mistake is controlled by this statute. There was ample testimony, of probative force, to support the contention of appellant and warrant the jury in finding that a mutual mistake was made by him and Cager Cox when the latter purchased appellant's interest in the land. Instead of conveying to Cager Cox only the 1/20 interest which appellant alleged was intended by both of them, he conveyed to Cager Cox 11/20 thereof. Cager Cox paid appellant only $200 as consideration for the conveyance, the exact sum he paid others for their 1/20 interest in the same land. If a mutual mistake was thus made, then the interest in the land, namely, the one-half undivided interest theretofore conveyed to appellant by his mother, was an equity, capable of being ascertained and enforced only by a direct proceeding to correct and reform the deed upon proper pleading and evidence. He was not entitled to institute and maintain a suit to recover the land and could not do so until the deed was corrected and reformed. McCampbell v. Durst, 15 Tex.Civ.App. 522, 40 S.W. 315; Gilmore v. O'Neil, Tex.Civ. App., 139 S.W. 1162.

Articles 5507 and 5510, R.C.S., can be invoked only against those who are brought under the provisions of those statutes. They require actions for the recovery of land, real estate, tenements or hereditaments to be instituted within three or ten years next after the cause of action shall have accrued. They do not operate against anyone to whom a cause of action has not accrued but only against those having the right of action to recover the land. If appellant's cause of action for reformation of his deed to Cager Cox accrued more than four years before he instituted his suit, his

case would have been subject to Article 5529 and also to the 3 and 5 years statutes, if the latter had been material. He alleged, however, and the testimony was amply sufficient to support a finding, that he did not discover the mistake until about two years before his suit was instituted. It is well-settled in this state that a right or cause of action does not exist until facts are shown which authorize the person asserting the claim to seek relief in a court of competent jurisdiction from the person due to make reparation. It involves both the existence of the right and facts sufficient to constitute a cause of action. Hartman v. Hartman, 135 Tex. 596, 138 S.W.2d 802; Williams v. Pure Oil Co., 124 Tex. 341, 78 S.W.2d 929; Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025; Kennedy v. Ellisor, Tex.Civ.App., 154 S.W.2d 284; Stanley v. Schwalby, 85 Tex. 348, 19 S.W. 264; McCampbell v. Durst, 15 Tex.Civ.App. 522, 40 S.W. 315; Cleveland State Bank v. Gardner, Tex.Com. App., 286 S.W. 173; Hamilton v. Green, Tex.Civ.App., 166 S.W. 97.

In the case of Kennedy v. Ellisor, supra, 154 S.W.2d 284, 286, writ ref., the court said:

"It is the established law in this state that suits brought to correct mistakes in deeds are governed by Article 5529, Revised Civil Statutes of 1925, and that, if such a suit is not brought within four years next after the right to bring it shall have accrued is barred under said Article 5529. Kennedy et al. v. Brown, Tex.Civ.App., 113 S.W.2d 1018.

"The rule is equally well established, however, that, in such cases, limitation does not begin to run until the alleged mistake is either discovered by the vendee or should have been discovered by the exercise of such diligence as would have been exercised by a person of ordinary care and prudence. Kennedy v. Brown, supra; Mason v. Peterson, Tex.Com.App., 250 S.W. 142; Glenn v. Steele, et al., Tex.Sup., 61 S.W.2d 810."

 It was shown by the evidence in this case that, when Martha Jane Cox conveyed to appellant her undivided one-half interest in the 236½ acres, he was only 14 years of age. He remained at home until he was 20 years of age and, in 1925, he left home, became a wanderer for a short time and ultimately settled in the State of Oregon where he remained until 1931. During that year he returned to Henderson County and visited with his mother for a month or more and then returned to Oregon where he remained until about the time this suit was instituted. Appellant testified positively that he did not discover the deed until 1947, about two years before he instituted this suit, and we are directed to no evidence which indicates the happening of anything which would reasonably have aroused his suspicion or caused him to make inquiry concerning the matter of his mother having executed the deed. The testimony reveals acts, conduct and statements of Cager Cox which indicate strongly that, when their mother, Martha Jane Cox, died on December 1, 1936, he thought and believed she still owned her undivided one-half interest in the land. These facts supported appellant's allegations of a mutual mistake between him and Cager Cox when appellant executed his deed in 1928 and were material to his cause of action. They were submitted to the jury under the special issues which the jury failed to answer and, in our opinion, the court was not warranted in entering any judgment upon the verdict that was returned by the jury. Having done so, reversible error was committed in overruling appellant's motion for a new trial and refusing to declare a mistrial.

Appellees contend that their cross-action was predicated upon the 3 and 10 years Statutes of Limitation and adverse possession and that the question of whether or not they had perfected title under those statutes presented the controlling issues in the case. They contend, therefore, that the judgment entered by the court was the correct one and should be affirmed. We are not in accord with appellees in this contention. Indeed, it seems to us that these statutes of limitation and adverse possession were immaterial, wholly unnecessary to appellees' defense and their nature and effect were not changed, nor were they made more effective, by the fact that appellees invoked them as affirmative elements of their cross-action. If their ancestor, Cager Cox, pro-

cured title under appellant's deed to him of June 26, 1928, appellees, as the children and heirs of Cager Cox, succeeded to his rights and title upon his death and the question of whether they had occupied and held peaceable and adverse possession of the land for three or ten years was not material. They held the legal and equitable title and their peaceable and adverse possession would add nothing to what they already had.

Appellees invoke the provisions of Article 5513, R.C.S., which provides that, whenever an action for the recovery of real estate is barred by any provisions of the statutes of limitations, the person having such peaceable and adverse possession shall be held to have full title, precluding all claims. They insist that, since the undisputed evidence was to the effect that they and their ancestor had peaceable and adverse possession of the land for more than ten years, they should be held to have full title, precluding all claims of any and all persons whomsoever, which would, of course, include the appellant. As authority for this contention, they cite us to the case of Burton's Heirs v. Carroll, 96 Tex. 320, 72 S.W. 581.

By the very terms of Article 5513, it applies only to those who have an action for the recovery of land which is barred by the statutes of limitation. There is no rule of law better established in this state than that statutes of limitation begin to run only from the date of the accrual of the cause of action. Port Arthur Rice Mill Co. v. Beaumont Rice Mills, 105 Tex. 514, 143 S. W. 926, 148 S.W. 283, 150 S.W. 884, 152 S. W. 629; Federal Crude Oil Co. v. Yountlee Oil Co., Tex.Civ.App., 73 S.W.2d 969, and authorities there cited. If appellant did not know until 1947 that his mother had executed her deed to him, neither the 10-year statute nor any other statute of limitation began to run against him until that date. He therefore did not have a cause of action until about two years before he filed this suit and Article 5513 therefore had no application to his case.

As we view the record and the decisions of the courts, the only question of limitation involved in the case was that which is provided by Article 5529 under which appellant was barred from maintaining his suit to correct the alleged mistake in his deed if, at the time he executed it, or at any time up to four years prior to December 21, 1948, when he instituted this suit, he knew or, by the exercise of reasonable diligence, he could have known, that his mother had theretofore conveyed to him her one-half undivided interest in the land.

We have carefully considered all of the contentions presented by the briefs and, in our opinion, the court erred in rendering judgment in favor of the appellees in the absence of findings of the jury under the special issues submitted but not answered by it. The judgment will therefore be reversed and the cause remanded.

## On Motion for Rehearing.

### PER CURIAM.

Appellees have filed a motion for rehearing in which they contend that we erred in holding that appellant's cause of action was not barred by the four-year statute of limitations, Art. 5529, R.C.S., because the deed executed by Mrs. M. J. Cox, appellant's mother, on January 30, 1919, conveying her undivided one-half interest in the land to appellant was immediately filed in the office of the county clerk of Henderson County and recorded in the deed records. They contend that the record of the deed was open to appellant for inspection, disclosed the extent of the estate conveyed to him by his mother and charged him with constructive notice of its contents. They further contend that the record of the deed was sufficient to require appellant to make inquiry concerning its contents and that his failure to do so constituted negligence on his part and, therefore, his right to correction and reformation was barred four years after June 26, 1928, when he executed his deed conveying all of his interest in the land to Cager Cox.

As we stated in the original opinion, appellant contended and testified he did not have actual knowledge of the deed executed by his mother in 1919 until sometime in the year 1947, and we are unable to agree with appellees in their contention that the record of the deed constituted constructive notice to him of its contents and of the fact

that it had been executed. While Article 6646, R.C.S., purports to require that all persons be held to know what appears on the face of a duly recorded instrument, it is settled by numerous decisions of our courts that it carries notice of its contents only to those who are bound to search for it, such as subsequent purchasers under the grantor in such an instrument. Leonard v. Benford Lumber Co., 110 Tex. 83, 216 S.W. 382; Herd v. Wade, Tex.Civ.App., 63 S.W.2d 253. Illustrative of this principle of law is a condition under which a grantor conveys the same property twice. If he should do so, the record of the deed to the second grantee is not constructive notice to the first grantee or to a purchaser from him for the reason that the first grantee already owns the land and he is not required to search the records every morning in order to ascertain if something has happened that affects his interests or deprives him of his title. The object of all registration acts is to affect with notice only such persons as have reason to apprehend some transfer or incumbrance prior to their own, because none arising afterwards can affect them or their estate in the land. The object of the recording acts is to protect innocent purchasers and incumbrancers against previous deeds, mortgages or the like, which are not recorded and to deprive the holder of prior unregistered conveyances or mortgages of the right which his priority would have given him under the common law. They are intended only to affect with notice such persons as have reason to apprehend some transfer or incumbrance prior to their own, because none arising afterwards can affect them. White v. McGregor, 92 Tex. 556, 50 S.W. 564; Fidelity Lumber Co. v. Adams, Tex.Civ.App., 230 S.W. 177.

If appellant did not know anything about the deed his mother had executed and was in complete ignorance of her conveyance to him until the year 1947, he could not be charged with the duty of searching the deed records of Henderson County. He was not a conscious purchaser of the land and therefore did not come within the class of persons who are required to search the records or to whom the record of deeds give constructive notice of their existence and contents. One cannot be held to have constructive notice of facts from which the presumption of notice arises, such as the proper recording of a deed, who is wholly ignorant of those facts. A knowledge of them is a necessary influence of his conduct in reference to such matters. Williams v. Jefferson Standard Life Ins. Co., 187 S.C. 103, 196 S.E. 519.

In regard to the second contention made by appellees, that the record of the deed was a sufficient circumstance to require appellant to investigate and search the records of Henderson County, the rule is well settled that the knowledge or information which can be urged as being sufficient to require inquiry by such person must be directly related to the ultimate knowledge in question or the ultimate information he would gain by such inquiry or investigation. The circumstances known to him must be such as would reasonably suggest an inquiry. The rule imputes notice only of those facts which are naturally and reasonably connected with the fact known by him. The testimony in this case was wholly lacking in proof of any circumstance or the happening of any event which would, in the remotest degree, suggest to appellant that his mother had conveyed her interest in the land to him in 1919 or that such a deed of conveyance had been filed in the office of the county clerk and appeared in the deed records of Henderson County.

We have carfully considered appellees' motion for rehearing and find nothing in it which changes our conclusions as expressed in the original opinion. The motion will, therefore, be overruled.