

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 29, 1974

The Honorable Ned Granger
County Attorney
Travis County Courthouse
Austin, Texas

Dear Mr. Granger:

Opinion No. H- 288

Re: Filing of financing
statements under S. B.
131 (63rd Leg.) amend-
ments to the Business
& Commerce Code

The 63rd Legislature has extensively revised Chapter 9 of the
Business and Commerce Code, dealing with secured transactions (Acts
1973, 63rd Leg., ch. 400, p. 999, § 5). Section 9.302 of the amended
chapter provides that, with certain specified exceptions, a financing
statement must be filed to perfect all security interest.

Subchapter D of Chapter 9 is entitled "Filing." Section 9.401(a)
specifies the "proper place" to file in order to perfect the security inter-
est. It provides that, generally, when the collateral is farm equipment
or farm products or accounts arising from the sale of farm products, or
consumer goods, the financing statement should be filed in the office of
the county clerk in the county of the debtor's residence. It further provides:

> "(2)when the collateral is timber to be cut or is
> minerals or the like (including oil and gas) or
> accounts subject to Subsection (e) of Section 9.103,
> or when the financing statement is filed as a fixture
> filing (Section 9.313) and the collateral is goods
> which are or are to become fixtures, then in the
> office of the County Clerk in the county where a
> mortgage on the real estate would be filed or recorded. "

All other statements are to be filed in the Office of the Secretary of State.

"Accounts subject to Subsection(e) of Section 9.103" are those "resulting from the sale thereof [minerals or the like including oil and gas] at the wellhead or minehead." [§ 9.103(e)] A fixture filing is defined in § 9.313(a) as "the filing in the office where a mortgage on the real estate would be filed or recorded of a financing statement covering goods which are or are to become fixture. . . ."

Your first question to us is whether the county clerk must record in the real property records unacknowledged financing statements covering these various interests.

Your question is prompted by the fact that Article 6626, Vernon's Texas Civil Statutes, dealing with the recordation of instruments provides:

> "The following instruments of writing <u>which shall have been acknowledged or proved according to law</u>, are authorized to be recorded, viz.: all deeds, mortgages, conveyances, deeds of trust, bonds for title, covenants,, defeasances or other instruments of writing concerning any lands or tenements, or goods and chattels, or moveable property of any description . . . ."(emphasis added)

Section 9.402 of the Business and Commerce Code provides in its subsection (a) that a financing statement is sufficient if it gives the names of the debtor and the secured party, an address of the secured party, and a mailing address of the debtor, describes the types or items of collateral and is <u>signed</u> by the debtor. Neither subsection (a), which describes a financing statement, nor subsection (c), which sets out a form which, if followed, is "sufficient" to comply with subsection (a), requires any acknowledgement or other proof of the signature of either party.

As to the financing statements about which you inquire, § 9.402(e) does further provide:

> "A financing statement covering timber to be cut or covering minerals or the like (including oil and gas) or accounts subject to Subsection (e) of Section 9.103,

> or a financing statement filed as a fixture filing
> (Section 9.313), must show that it covers this type of
> collateral, must recite that it is to be filed for
> record in the real estate records, and the financing
> statement must contain a description of the real
> estate sufficient if it were contained in a mortgage
> of the real estate to give constructive notice of the
> mortgage under the law of this state."

Section 9.403(g), applicable to the same types of instruments, further requires that when such a financing statement is filed:

> "it shall be filed for record and the filing
> officer shall index it under the names of the debtor
> and any owner of record shown on the financing
> statement in the same fashion as if they were the
> mortgagors in a mortgage of the real estate des-
> cribed, and, to the extent that the law of this state
> provides for indexing of mortgages under the name
> of the mortgagee, under the name of the secured
> party as if he were the mortgagee thereunder, or
> where indexing is by description in the same fashion
> as if the financing statement were a mortgage of the
> real estate described."

The purpose of the recordation statutes is to protect innocent pur-chasers and incumbrancers against previous deeds, mortgages, or the like. Cox v. Clay, 237 S. W. 2d 798 (Tex. Civ. App. , Amarillo 1951, err. ref'd, n. r. e.).

The purpose of acknowledgement is to authenticate the instrument and to avoid fraud.   The drafters of § 9.402 of the Uniform Commercial Code were aware of this and purposely omitted the acknowledgement, stating in their comment to § 9.402:

> "This Section departs from the requirements of
> many chattel mortgage statutes that the instrument filed

> be acknowledged or witnessed or accompanied by
> affidavits of good faith.  Those requirements do
> not seem to have been successful as a deterrent to
> fraud; their principal effect has been to penalize
> good faith mortgagees who have inadvertently failed
> to comply with the statutory niceties.  These are
> here abandoned in the interest of a simplified and
> workable filing system. "

In answering your question, it is necessary that we determine the legislative intent.   The Code Construction Act (Article 5429b-2, V. T. C.S.), by which we must be guided, is helpful.  We are told for instance, that we should consider, among other matters, the object sought to be attained, the circumstances under which the statute was enacted, its legislative history, etc.  Section 3.03.  If two statutes are irreconcilable the statute latest in date prevails.  Section 3.05(a).  If a general provision conflicts with a special provision and they are irreconcilable the special provision prevails as an exception to the general provision.  Section 3.06.  Bearing these rules in mind, it is our opinion that, even if Article 6626 and §9.402 are interpreted to be in irreconcilable conflict, the Legislature intended the financing statement to be an exception to the general requirements of Article 6626, that an instrument to be recorded, first be acknowledged.

We are further of the opinion that the language which we have heretofore quoted from § 9. 403(g) of the Business and Commerce Code makes it clear that these instruments are to be filed by the county clerk "in the same fashion as if the financing statements were a mortgage of the real estate described. "

Our answer to your first question, therefore, is that the county clerk must record in the deed of trust records or such other records in which he would file a mortgage upon real property an unacknowledged financing statement covering timber to be cut or minerals or the like (including oil and gas) or accounts resulting from the sale of minerals or the like (including oil and gas) at the wellhead or minehead, or goods which are or are to become fixtures.

Your second question asks whether the fee schedule prescribed in the amended Chapter 9 contravenes or conflicts with the fee schedule of Article 3930(2), V. T. C. S.

Section 9.403(e) of Chapter 9 provides:

> "The uniform fee for filing and indexing and for
> stamping a copy furnished by the secured party to
> show the date and place of filing for an original financ-
> ing statement or for a continuation statement shall be
> $3.00 if the statement is in the standard form pre-
> scribed by the Secretary of State and otherwise shall
> be $6.00, plus in each case, if the financing statement
> is subject to Subsection (e) of Section 9.402, $3.00...."

We construe this to mean that, as to the instruments about which you
have inquired, the fee would be either $6.00 if a standard form is used or
$9.00 if a non-standard form is used.

Article 3930, V.T.C.S., generally governs the fees to be charged by
county clerks and county recorders. Its subsection (2) applies to the filing
and recording of instruments in the real property records and provides for
a fee of $1.50 for the first page, $1.00 for each additional page, and certain
other charges. Subsection (2) makes no mention of fees prescribed by the
Uniform Commercial Code. However, subsection (1), which applies to instru-
ments to be filed in the personal property records, specifically excepts "those
instruments the filing fee for which are fixed in the Uniform Commercial
Code." The latest amendment to Article 3930 was in 1967 (Acts 1967, 60th
Leg., p. 1789, ch. 681) and at that time Chapter 9 did not permit the filing in
the real property records.

Bearing in mind the same rules we have previously cited from the Code
Construction Act, supra, it is our conclusion that it was the intention of the
Legislature that the fees provided by § 9.403(e) of the Chapter should prevail
over those of Article 3930, V.T.C.S.

### SUMMARY

Unacknowledged financing statements covering
timber to be cut, mineral interests, accounts resulting
from the sale of mineral interests, and goods which are

or are to become fixtures are to be filed by county clerks in the same records in which they would file mortgages or deeds of trust upon real property. They are to charge the fees prescribed by § 9.403(e) of the Business and Commerce Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee